## J. L. LAW v. THE STATE.

No. 2752. Decided January 14, 1914.

Rehearing denied February 4, 1914.

**1.—Theft of Cattle—Charge of Court—Possession—Explanation.**

Where, upon trial of theft of cattle, the State did not rely in its evidence solely upon the circumstance of possession, and the defendant admitted his possession of the alleged stolen animal, there was no error in the court's refusal of a requested charge with reference to possession and explanation thereof. Distinguishing Moreno v. State, 24 Texas Crim. App., 401.

**2.—Same—Defensive Theory—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft of cattle, the court charged upon circumstantial evidence and on the issue of purchase by the defendant, the same properly presented defendant's theory of defense.

**3.—Same—Evidence—Charge of Court—Argument of Counsel.**

In the absence of bills of exception to the introduction of testimony and refusal of requested charges to the argument of State's counsel, the matter can not be reviewed on appeal.

**4.—Same—More Than One Animal.**

Where, upon trial of theft of cattle, the evidence disclosed that besides the animal alleged to have been stolen another animal was seen in defendant's possession at the time, and the defendant requested a special instruction limiting the offense to the animal alleged in the indictment, which was given, the criticism of the court's charge is without merit.

**5.—Same—Other Offenses—Limiting Testimony.**

Where it was shown on cross-examination that both of defendant's witnesses were under indictment for felony at the time they testified, there was no error in the court's failure to limit said testimony to their credibility.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence was sufficient to sustain the conviction, there was no error.

**7.—Same—Cumulative Sentence—Reform of Sentence.**

It is only after final conviction that one term of imprisonment can be made to begin at the expiration of the other, and where the first case at the time of the trial of the instant case was pending on appeal, the judgment had not become final, and the court was without authority to order the sentence of the instant case to begin at the expiration of the first sentence in the event the same was affirmed, and the sentence is now here corrected and reformed as if no other trial had been had.

Appeal from the District Court of Motley.   Tried below before the Hon. Jo A. P. Dickson.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. T. Bouldin* and *Dalton & Russell* and *W. F. Ramsey* and *C. L. Black,* for appellant.—On question of cumulative sentence:   Moseley v. State, 30 Texas Crim. App., 338; Shumaker v. State, 10 id., 117; Miller v. State, 44 S. W. Rep., 162; Bullard v. State, 40 Texas Crim. Rep., 270.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of theft of one head of cattle, and his punishment assessed at two years confinement in the penitentiary.

Oscar Benson and Will King testified that on different occasions they passed through a pasture controlled jointly by appellant and Will Duncan.   Duncan was engaged in farming and buying cattle for appellant. That on one occasion they saw two head of cattle—calves—they recognized by the flesh marks, etc., as belonging to the Matador ranch.   That the first time they saw these calves in the Law-Duncan pasture they were branded *N* on left hip.   The brand was then only a day or two old. This is shown by the record to be Law's brand; in fact he so states. They saw these calves in this pasture again, and later informed the owners.   They informed Mr. Robinson, and they, Mr. Robinson and some others, got these two calves and drove them to the Matador pasture at Winkler.   Neither Mr. Law nor Mr. Duncan were present when the two head of cattle were taken by Robinson and others.   Mr. Law was then arrested, charged with theft of one head of cattle from the manager of the Matador ranch.   Mr. Robinson says that shortly thereafter he had a conversation with Mr. Law, and appellant told him he wanted to go out (to Winkler) and look at it and see *if he could tell who he got it from.*

Appellant requested the court to charge the jury:   "You are charged that to warrant an inference or presumption of guilt from the circumstance alone of possession, must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant, and unless these occur, you will not consider as a circumstance of guilt against him the fact of his possession of the property if he so had."   Special charge No. 3 is, in substance, the same as the above.   Appellant bases his main contention for reversal on the refusal to give the above two charges, or either of them, and claims the case of Moreno v. State, 24 Texas Crim. App., 401, supports his contention.   In this we think he is in error.   In the Moreno case the State did rely upon the circumstance of possession alone.   In this case the State does not rely upon that circumstance alone, but shows that the

animal is recently branded in appellant's brand, and the first time he seeks to make an explanation of his possession, he does not deny possession, does not deny that he claimed the animal, but says he wants to go and see it, and see *if he could tell from whom he got it*, thus admitting his possession, his claim of ownership, only claiming that he had purchased it from some one. So the authorities cited by appellant where the State relied upon recent possession alone, unexplained, to show guilt, are not in point. If recent possession was the only circumstance in the case to show appellant's guilt, then the cases cited would support appellant's contention. But there being other cogent circumstances in the case, the court did not err in refusing the two charges.

The court charged the jury the law of circumstantial evidence in language frequently approved by this court, and in a way not complained of by appellant. Appellant introduced evidence that he had purchased cattle about this time from Cannon, Ballard and others. Cannon and Ballard described the cattle they had sold appellant, and the court instructed the jury: "If you find and believe from the evidence that the defendant, J. L. Law, purchased the one head of cattle described in the indictment, and for which he is now being tried, from C. I. Cannon, John Ballard, Will Duncan or any other person, or if you have a reasonable doubt as to whether he did so purchase said one head of cattle, you will find the defendant not guilty." This presented the affirmative matter offered by defendant in as favorable light as the law required.

There are no bills of exception in the record in regard to the introduction of testimony, consequently those grounds in the motion for new trial complaining of the admissibility of certain testimony can not be considered by us. Neither can we review the action of the court in refusing to give several special charges requested alleging certain remarks to have been made by State's counsel. No bills are in the record verifying the fact that such language was used as requested, charge alone does not verify that fact.

The testimony of King and Benson show that they saw two head of cattle belonging to the Matador ranch in appellant's pasture, and in his brand, both of which were taken out and returned to the Matador people. The indictment in this case charged the theft of only one head of cattle, and the State prosecuted appellant for the theft of one red calf, bald face, white running back to its weathers, and on its back; all four feet white; about half or two-thirds of its tail being white, and referred to in the record as the white-tailed calf. As there was evidence that a motley-faced calf was also seen in appellant's possession at this time, the court at the request of appellant gave the following charge: "You are instructed that you will not convict defendant for the theft of any other animal except the one the State elected to rely on, the one described as the white-tailed calf, and not for that one unless you believe from the evidence beyond a reasonable doubt that he stole this one." Having

given this charge at the request of appellant, the criticism of the court's charge in this respect is without merit under the evidence in this case.

Cannon and Ballard testified in behalf of defendant. On cross-examination it was shown they were both under indictment charged with felonies. As this evidence could have been used by the jury for no other purpose than as affecting their credit as witnesses, there was no error in failing to so instruct the jury.

The evidence fully supports the verdict and the judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### February 4, 1914.

HARPER, JUDGE.—A motion for rehearing has been filed in this case, and in it is a question raised not heretofore presented to the court. It appears that appellant was convicted in cause No. 120, in the District Court of Motley County, of the cause of theft, from which judgment he prosecuted an appeal to this court. While that case was pending on appeal in this court, appellant was tried in this case, and convicted. In passing sentence on appellant in this case, the court ordered that in case the judgment in cause No. 120 was affirmed by this court, then this sentence should not begin until the expiration of the sentence in that case. Before the adoption of article 840 in the Code of Criminal Pro-cedure it was held that there was no authority to fix the commencement of a term in the penitentiary at the expiration of another term for which the penalty had theretofore been condemned. Prince v. State, 44 Texas, 480; Hannahan v. State, 7 Texas Crim. App., 664; Baker v. State, 11 Texas Crim. App., 262. Therefore, we must look to that article of the Code to cumulate sentences, and by turning to it we find that it is only after a *final conviction* that one term of imprisonment can be made to begin at the expiration of the other. The first case, at the time of this trial, being on appeal and pending in this court, the judgment had not become final, and therefore the court was without authority to order this sentence to begin at the expiration of the first sentence in case we affirmed it, and the sentence is here and now corrected and reformed and that portion of the sentence which seeks to cumulate the penalty is stricken from the sentence. As by striking out this paragraph (the third) of the sentence it will be in the customary form of sentence and the sentence is so reformed that said paragraph shall have no application, and the sentence shall begin as if no other trial had been had, and it is so reformed.

Motion for rehearing overruled, sentence being reformed.

*Overruled.*