## Ceola Gilkie v. State.

No. 31,366. January 20, 1960.

*T. R. Odell, Burks, O'Connor & Brister,* by *E. M. O'Connor, III* (On Appeal Only) Lubbock, for appellant.

*William J. Gillespie,* County Attorney, by *J. Q. Warnick, Jr.,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney Austin, for the state.

MORRISON, Presiding Judge.

The offense is misdemeanor theft; the punishment, 90 days in jail and a fine of $100.00.

Appellant and one Rita Bowen were jointly charged. Appellant was placed on trial alone.

Mrs. Mathis, the properietor of the Slaton Dress Shop, testified that on the day before Christmas appellant and another woman came into her shop, that appellant selected a slip and paid a deposit on the same, that she wrote a receipt for the money, and that after they left she noticed a black silk dress was missing and called the police.

Chief of Police Daniels and Deputy Sheriff Martin testified that after Daniels talked to Mrs. Mathis he secured a search warrant and they went to appellant's home, where they found a black silk dress bearing "markings from the Slaton Dress Shop" in the bedroom hanging along with "five or six new dresses with the tags still on them" of different sizes. Daniels testified that he ar-

rested a Rita Bowen who was staying at appellant's home as she was a stranger in town, told appellant that he would talk to the county attorney and come get her if he was instructed to do so, and proceeded to the police station, where Mrs. Mathis identified the black silk dress as being the one which had been stolen and identified Rita Bowen as being one of the women who came in her shop immediately before the theft was discovered.

Appellant, testifying in her own behalf, admitted going to the Slaton Dress Shop with Rita Bowen, denied that she took the dress, and stated that she did not know it was hanging in her bedroom where the officers found it.

In brief and argument, appellant strenuously urges that the evidence is insufficient to support the conviction. While it is true that Mrs. Mathis testified she greeted appellant and Rita as they entered the store, engaged appellant in conversation concerning the slip, and did not see appellant take the dress, we also find that she did testify, "Well, I didn't have my eyes on her all the time, you know working on my tickets and things like that * * * ," that she did not know whether appellant moved or stood right in front of her while she wrote the ticket, that her shop was small and the dress which was stolen was not more than six feet from where she was standing when she wrote the receipt.

We further find that, while testifying in her own behalf, appellant stated that Rita Bowen's clothes were not hanging in her closet with her clothes but were in Rita's suitcase, as she had only arrived the day before.

We have concluded that the evidence is sufficient to support the jury's finding and shall discuss the other contentions advanced.

Appellant objected to the court's charge because it failed to define the word "possession." She relies upon Wells v. State, 125 Texas Cr. Rep. 201, 67 S.W. 2d 305, and Pafford v. State, 146 Texas Cr. Rep. 614, 177 S. W.2d 270, both of which involved intoxicating liquor or its means of manufacture.

The state, on the other hand, relies upon Law v. State, 73 Texas Cr. Rep. 5, 163 S.W. 90, a theft case, which holds that such a charge may be called for only in cases where the state relies solely upon unexplained recent possession. In the case at bar, we have evidence that appellant was at the scene of the theft at the time it was committed and evidence that the stolen article was in her bedroom among other articles which she claimed. We have concluded that no definition of the term was required.

Appellant's last complaint relates to this argument by the prosecutor:

"She paid two dollars down on a slip. Did she ever go back to get it? Not till this day. Why doesn't she? She says she doesn't have any money. You know, you can observe a lot of things in this courtroom and I submit that you can observe this Defendant sitting here today. When she came in here this morning, I submit she had two diamond rings, or rings that appeared to be diamonds on her finger. Are they there now? Not one of them on her finger. Now I wonder why that happened?"

At the hearing on the motion for new trial, appellant admitted that she had worn two rings to court and had taken them off during the course of the trial, but stated that they were costume jewelry. She sends them up with the record, and we observe that they are of no great monetary value but could be mistaken for diamonds at a distance. We note further that during her cross-examination on the trial appellant testified that she had never returned to get the slip because she did not have sufficient money to pay the balance owed thereon. We have concluded that the prosecutor was authorized to comment on the attire of appellant and argue that it was inconsistent with her testimony, and argue further that after having so testified appellant had removed her rings.

Finding no reversible error, the judgment of the trial court is affirmed.