Gilbert RIVERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00328–CR.

Court of Appeals of Texas,
El Paso.

Sept. 29, 1994.

Jack Chappell, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for the State.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

### NATURE OF THE CASE

This is an appeal from a jury conviction for the offense of criminal mischief in the amount of $750 or more but less than $20,000. The jury assessed punishment at five years imprisonment. The trial court, upon motion of the state, ordered the sentence to begin upon expiration of the Appellant's sentence for a conviction of murder.

Appellant presents three points of error on appeal: (1) that the State failed to prove that Appellant damaged or destroyed property of the value of $750 or more; (2) that the jury charge allowed conviction on a lesser standard than that alleged in the indictment; and (3) that the trial court could not order this sentence to run consecutively with the Appellant's separate sentence for murder when the murder conviction was pending appeal. We affirm the conviction.

### I. SUMMARY OF THE EVIDENCE

On December 31, 1992, Appellant was an inmate in the Midland County Jail. During an exercise period, Appellant attempted to use the phone in the exercise room. Because Appellant was under a phone restriction, the deputy in charge of the exercise room, Jesus Manuel Delgado, had the phone turned off. Appellant then tore the phone off the wall and used it to damage two security cameras and a window, damaging the phone in the process. Delgado's testimony established that Appellant was the person who damaged the property. Testimony of the Sheriff of Midland County, Gary Painter, put the costs to repair the windows and cameras at $217, and the cost to replace the telephone at $750. Testimony of Benjamin Watson, an employee of the company that maintained the jail telephones, also indicated the cost to replace the telephone at $750.

### II. DISCUSSION

#### A.

■ Appellant, in Point of Error No. One, argues that the State presented insuffi-cient evidence to prove that the pecuniary loss was $750 or more. In reviewing the sufficiency of the evidence, this Court is constrained to view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the offense, as alleged in the application paragraph of the charge to the jury, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App.1991); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Humason v. State*, 728 S.W.2d 363, 366 (Tex. Crim.App.1987). The role of this Appellate Court is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State*, 788 S.W.2d 1, 6 (Tex. Crim.App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Dwyer v. State*, 836 S.W.2d 700, 702 (Tex. App.—El Paso 1992, pet. ref'd). On review, this Court does not resolve any conflict in fact, weigh any evidence, nor evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial will be given great deference. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991); *Leyva v. State*, 840 S.W.2d 757, 759 (Tex.App.—El Paso 1992, pet. ref'd); *Bennett v. State*, 831 S.W.2d 20, 22 (Tex.App.—El Paso 1992, no pet.). Instead, it is this Court's duty only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in a light most favorable to the verdict. *Adelman*, 828 S.W.2d at 421–22. In so doing, any inconsistencies in the evidence will be resolved in favor of the verdict. *Matson*, 819 S.W.2d at 843, *quoting Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

■ Determination of the amount of pecuniary loss is governed by TEX.PENAL CODE ANN. § 28.06 (Vernon 1994),[1] which provides:

(a) The amount of pecuniary loss under this chapter, if the property is destroyed, is:

---

1. Section 28.06 was amended by Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994. The amendment did not affect the sections pertinent to the case on appeal.

(1) the fair market value of the property at the time and place of the destruction; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction.

(b) The amount of pecuniary loss under this chapter, if the property is damaged, is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred.

TEX.PENAL CODE ANN. § 28.06 (Vernon 1994).

The State has conceded that it failed to prove that the market value was unascertainable. Therefore, the State must have produced sufficient evidence of the fair market value of the property destroyed for the conviction to stand. TEX.PENAL CODE ANN. § 28.06(a)(1).

Section 28.06 uses essentially the same definition of pecuniary loss as the theft section, Section 31.08. *Sepulveda v. State,* 751 S.W.2d 667, 669 (Tex.App.—Corpus Christi 1988, pet. ref'd); *see* TEX.PENAL CODE ANN. § 31.08(a). In discussing fair market value under the theft statute, the Texas Court of Criminal Appeals has stated:

[T]he owner of the property ... may testify as to his or her opinion or estimate of the value of the property in general and commonly understood terms.... Such testimony will constitute sufficient evidence for the trier of fact to make a determination as to value based on the witness' credibility. This is true even in the absence of a specific statement as to "market value" or "replacement value."

When an owner testifies, the presumption must be ... that the owner is testifying to an estimation of the fair market value. Certainly the owner may reasonably be understood to be testifying as to the fair market value of the property either in terms of the purchase price or the cost to him of replacing the stolen property.

*Sullivan v. State,* 701 S.W.2d 905, 909 (Tex. Crim.App.1986).

*Sullivan* provided a basis for two courts of appeals to hold that testimony by an owner of replacement cost of destroyed property is sufficient evidence to support a conviction of criminal mischief. *Sepulveda,* 751 S.W.2d at 669; *Collins v. State,* 740 S.W.2d 534, 535–36 (Tex.App.—Beaumont 1987, no pet.). The indictment alleged Sheriff Painter as the owner of the property damaged and destroyed. He testified as to the repair costs for the cameras and window which totaled $217, and the replacement cost of the telephone of $750. Therefore, the State produced sufficient evidence of the fair market value of the telephone. *Sepulveda,* 751 S.W.2d at 669; *Collins,* 740 S.W.2d at 535–36. Accordingly, Appellant's first point of error is overruled.

## B.

■ Appellant's second point of error complains of an alleged discrepancy between the indictment and the jury charge. The indictment alleges Appellant damaged or destroyed property "of the aggregate value of more than $750." The statutory definition included in the charge of the court defined the *offense* as damaging or destroying property worth "$750 or more." The application paragraph of the charge of the court, however, tracks exactly the language of the indictment. The indictment, therefore, alleges one penny more than the offense requires. The Appellant concedes that this error, if any, was not preserved by objection to the charge. When an error in a jury charge is not timely objected to, a conviction may only be reversed if the error is so egregious that it deprives the accused of a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.App.1984).

■ The part of the court's charge which an appellate court looks at in determining whether the charge is erroneous is that portion which applies the law of the offense to facts of the case. *Jones v. State,* 576 S.W.2d 393 (Tex.Crim.App.1979); *Werner v. State,* 680 S.W.2d 858, 860 (Tex.App.—Houston [1st Dist.] 1984), *aff'd on other grounds,* 711 S.W.2d 639 (Tex.Crim.App.1986); *Ramirez v. State,* 658 S.W.2d 808, 811 (Tex.App.—Corpus Christi 1983), *aff'd on other grounds,* 672 S.W.2d 480 (Tex.Crim.App.1984).

■ When the portion of the charge applying the facts to the law duplicates the language of the indictment, there is no error. *Ramirez,* 658 S.W.2d at 811. The indictment and the application paragraph of the charge of the court both contain the phrase "more than $750" in reference to the offense with which Appellant was charged. Therefore, the charge of the court does not allow conviction on a lesser standard than the indictment.

Even if we assume the standard for conviction was lessened in the charge of the court, the difference between the offense alleged in the indictment, destruction of "more than $750" of property, and the statutory definition of the offense, destruction of "$750 or more" of property is one penny. Although the telephone destroyed by the Appellant was valued at $750, the indictment and application paragraph of the charge of the court alleged aggregate damages to several items in excess of $750. The evidence showed aggregate damages in excess of $750. Because any lowering of the conviction threshold was limited to one penny, and the State proved pecuniary loss well in excess of the threshold dollar amount, the defendant was not deprived of a fair and impartial trial. Appellant's second point of error is overruled.

### C.

■ Appellant's third point of error asserts that the court's order to run this sentence consecutively with the Appellant's earlier conviction for murder is unfair because the murder conviction was pending appeal at the time of sentencing.[2] The rule that sentences for subsequent convictions may be stacked on prior convictions which are pending appeal is an old one. *Alsup v. State,* 84 Tex.Crim. 208, 206 S.W. 345, 345 (App.1918). That decision rested upon statutory construc-

tion of Article 862 of the Code of Criminal Procedure of 1911. *Id.* Article 862 is an ancestor of the current Article 42.08, the cumulative sentencing statute.[3] The Court in *Alsup* distinguished an earlier decision of that Court disallowing stacking on convictions pending appeal where an earlier statute used the words "final conviction." *Alsup* 206 S.W. at 345. Further, the Court reasoned that to prevent running a sentence consecutively in such a case would annul the statute because appeals would be made merely to avoid stacking. *Id.* The rule allowing the consecutive running of sentences has survived its ancient beginnings as a terse statement purporting almost to be common law rather than statutory construction. *See Garcia v. State,* 537 S.W.2d 930, 936 (Tex.Crim. App.1976), *citing Hamm v. State,* 513 S.W.2d 85, 86 (Tex.Crim.App.1974), *citing Jackson v. State,* 449 S.W.2d 242, 244 (Tex.Crim.App. 1969), *citing Alsup v. State,* 84 Tex.Crim. 208, 206 S.W. 345, 345 (App.1918). Appellant argues that "a Defendant in the second case could be eligible for probation for the reason that there is no final conviction if he were otherwise eligible" and that "it is illogical to stack a later sentence on one which, since the conviction is not final, does not really exist." Appellant provides no authority in support of his argument.

A trial court is vested with the discretion to order two or more sentences to operate either concurrently or consecutively. TEX. CODE CRIM.PROC.ANN. art. 42.08(a) (Vernon Supp.1994); *Hester v. State,* 544 S.W.2d 129, 137 (Tex.Crim.App.1976). Because running a sentence consecutively on an earlier sentence pending appeal is lawful, and the Appellant points to no evidence in the record which indicates the trial court abused its discretion,

---

**2.** Appellant's conviction of murder was affirmed in an unpublished opinion. *Rivera v. State,* No. 08–92–00457–CR (Tex.App.—El Paso March 30, 1994, no pet. h.) (not designated for publication).

**3.** Article 862 provided:

When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate, and the judgment and execution thereof shall be accordingly. *Alsup v. State,* 84 Tex.Crim. 208, 206 S.W. 345, 345 (App.1918).

we find no abuse of discretion. Therefore, Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.