COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ROSALIO SOSA,                                                )

                                                                              )               No.  08-01-00242-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                
(TC# 990D01815)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Rosalio Sosa, was convicted of knowingly providing false
and incorrect information on a document required by the Texas Department of
Transportation, a third-degree felony.[1]  The trial court sentenced him to 2 years= imprisonment, but suspended the
sentence and ordered 5 years=
community supervision and a fine of $1,000. 
Appellant now raises seven issues on appeal.  We will reverse and render.

BACKGROUND








Cynthia Porras was a customer of Rio Rosas Auto Sales in El Paso,
Texas.  On April 22, 1998, Ms. Porras purchased a red, 1996 model Ford Mustang automobile
from the Rio Rosas car lot.  At the time
of the sale, Ms. Porras was informed the vehicle had
been wrecked previously, but she was unaware of the specific repairs performed
or parts replaced.  She was not given
permanent license plates for the automobile. 
She was told to return later for the permanent plates.  She was later introduced to Appellant, who
was supposed to assist her in obtaining permanent license plates for her
Mustang.

Some time later,
Ms. Porras met with Appellant at Rio Rosas in an
effort to obtain her permanent license plates. 
It was then she was told the car would have to be inspected by the
Department of Public Safety before the permanent plates would be issued.  Appellant gave Ms. Porras
a number of documents and told her to take the car and the documents to the
Department of Public Safety for inspection. 
Appellant also told Ms. Porras to sign one of
the documents and she did so.  Ms. Porras later testified that she did not fill out the
document nor did she fully understand what was written on the form.[2]

Following
Appellant=s
instructions, Ms. Porras presented the car and the
documents to the 
Department of Public Safety for inspection.  Sergeant Manuel Lozano, an investigator with
the Motor Vehicle Theft Service Section, met with Ms. Porras,
conducted an initial inspection, and told her the person who sold her the
vehicle had to be present for the inspection. 









Ms. Porras returned to the Department of Public Safety with
Appellant on a later date.  Appellant
presented the paperwork to Sergeant Lozano and told him that he had been
responsible for repairing the vehicle and had sold it to Ms. Porras.  He also said
he was the owner of Rio Rosas Auto Sales. 
Upon inspection, Sergeant Lozano discovered several problems with the
automobile and the required documentation. 
Three particular vehicle parts were noted as problematic.  First, the documents indicated the deck lid (Atrunk@)
had not been replaced.  However, the deck
lid did not have a special high-theft label, which is required by federal
law.  The lack of the label indicated the
trunk had been replaced.  Second, the
documents claimed the left-front fender had been replaced with a new part from
All Makes Auto Parts Store.  However, the
high-theft label bearing the VIN number[3]
for that part had been scratched off of the fender.  This indicated the part was not new.  Sergeant Lozano testified that All Makes Auto
Parts Store does not sell used parts with the required labels destroyed.  Appellant provided Sergeant Lozano with
receipts for parts from All Makes Auto Parts Store.[4]  One receipt listed a left-front fender, but
an investigation revealed the part on the Mustang was not the same part as
described by the receipt.  Third, the
documents stated the right-front fender had not been replaced.  However, the high-theft label bearing the VIN
number for that part had also been scratched off.  This indicated the part was not new and had
been replaced.

When questioned by
Inspector Lozano, Appellant maintained the information on the documentation was
correct.  Because of the discrepancies in
documents, receipts, and actual parts on the automobile, the vehicle failed
inspection.  New parts with the proper
labels and documentation had to be obtained for the vehicle.  The car was returned to Ms. Porras after proper licensing approximately three weeks
later.








Appellant was
subsequently indicted and convicted for knowingly providing false and incorrect
information on a document required by the Texas Department of
Transportation.  At trial, the State
presented five witnesses as well as the documents and receipts presented by
Appellant to the Department of Public Safety. 


Sergeant Lozano
testified at length about salvage vehicles. 
He told the jury a salvage vehicle is one that has been involved in a
wreck or was stolen and recovered.  He
explained the term Asalvage
vehicle@ is
commonly used by insurance companies and law enforcement agencies.  Such vehicles are issued special Areconditioned@
titles, known as salvage titles, by the Texas Department of
Transportation.  In order to obtain a
salvage title, a vehicle must pass a Department of Public Safety inspection and
account for all parts that were used in the repairs.  

According to
Sergeant Lozano=s
testimony, a person or business must obtain a salvage dealer license from the
State of Texas in order to sell salvaged vehicles.  A licensed salvage dealer cannot sell a
salvage vehicle to the general public until the vehicle is repaired and a
reconditioned title is obtained.  Rio
Rosas was a used-car dealership that maintained a salvage dealer license.

ISSUES
ON APPEAL








Appellant now
raises seven issues on appeal:  (1)
whether the indictment is constitutionally void and thus fails to convey
jurisdiction on the trial court; (2) whether the evidence was legally
sufficient; (3) whether the evidence was factually sufficient; (4) whether an
erroneous jury charge permitted conviction on a theory not alleged; (5) whether
the trial court erred by not including a requested instruction on the defense
of mistake of fact in the jury charge; (6) whether the trial court erred in
allowing certain portions of testimony to be read back to the jury in violation
of Texas Code of Criminal Procedure art. 36.28; and (7)
whether the judgment in this case is constitutionally infirm.  Because we find it to be dispositive
of the case, we will begin by considering Appellant=s
second issue related to the legal sufficiency of the evidence.

Legal
Sufficiency

With his second
issue, Appellant contends the evidence was legally insufficient to support the
conviction.  He raises three sub-issues
to support this contention.  First, he
argues there is no evidence or legally insufficient evidence that he provided
false or incorrect information on the Salvage Vehicle Inspection Affidavit and
Application.  Second, he argues there was
legally insufficient evidence that the document in question was required by the
Texas Department of Transportation. 
Third, he maintains the document at issue, the Salvage Vehicle
Inspection Affidavit and Application, is not a document Anecessary
to the transfer of ownership of a motor vehicle,@
as required by the Transportation Code provision.  We will first consider Appellant=s second sub-issue.








In reviewing the
legal sufficiency of the evidence, this Court views the evidence in the light
most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the
offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560, 573
(1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991); Rivera
v. State, 885 S.W.2d 581, 583 (Tex.App.--El Paso 1994, no pet.).  We are not charged with determining whether
evidence establishes guilt beyond a reasonable doubt.  Stoker v. State, 788 S.W.2d 1, 6 (Tex.Crim.App. 1989), cert. denied, 498 U.S. 951, 111
S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State,
836 S.W.2d 700, 702 (Tex.App.--El Paso 1992,
pet. ref=d).  We do not resolve any conflict in fact, weigh
any evidence, nor evaluate the credibility of any witnesses.  Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App.
1992); Rivera, 885 S.W.2d at 583. 
Accordingly, the fact-finding results of a criminal jury trial are given
great deference.  Rivera, 885 S.W.2d at 583. 
This Court=s sole
duty is to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted
at trial in a light most favorable to the verdict.  Adelman, 828 S.W.2d at 421-22. 
Any inconsistencies in the evidence are resolved in favor of the
verdict.  Moreno v.
State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988).  Finally, claims
of evidentiary insufficiency, such as the one before us today, are measured
against the elements of the offense as defined by the hypothetically correct
jury charge applicable to the case.  Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997); Mast v. State, 8 S.W.3d 366, 368-69 (Tex.App.--El
Paso 1999, no pet.).  A
hypothetically correct charge is one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily restrict the State=s theories of liability or
unnecessarily increase the State=s
burden of proof, and adequately describes the particular offense for which the
defendant was tried.  Malik, 953 S.W.2d at 240; Humphries
v. State, 993 S.W.2d 826, 832 (Tex.App.--El Paso
1999, pet. ref=d).

In this case, the
indictment crafted by the State provided in part:

ROSALIO SOSA, hereinafter referred to
as Defendant, did then and there knowingly provide false and incorrect
information, to-wit:  that the right
front fender and deck lid on a 1996 Ford Mustang had not been replaced, on a
document required by the Texas Department of Public Safety, to-wit:  a Salvage Vehicle Inspection Affidavit and
Application.[5]  [Emphasis added].

 








The reference in the indictment
language to the Texas Department of Public Safety was in error.  The indictment should have referred to a
document required by the Texas Department of Transportation.  See Tex.Transp.Code Ann. '
501.155(a)(5)(Vernon 1999).  The jury charge in this case also erroneously
referred to the Texas Department of Public Safety in the application
paragraph.  The application paragraph of
the charge followed the language of the indictment:

Now if you find from
the evidence beyond a reasonable doubt that on or about July 2, 1998, in El
Paso County, Texas, the defendant, ROSALIO SOSA, did then and there, knowingly
provide false or incorrect information, to wit: 
that the right front fender and deck lid on a 1996 Ford Mustang had not
been replaced, on a document required by the Texas Department of Public
Safety, to wit:  a Salvage Vehicle
Inspection Affidavit and Application, then you will find the defendant guilty
as charged in Count I of the indictment. 
[Emphasis added].

 

The State urges
this Court to follow the guidance of Malik and
substitute ATexas
Department of Transportation@
for ATexas
Department of Public Safety@
in order to ascertain the hypothetically correct jury charge for this
case.  We will do so.  Thus, the hypothetically correct charge for
this case would authorize a jury to return a verdict of guilty if it found from
the evidence beyond a reasonable doubt that Appellant knowingly provided false
or incorrect information on a document required by the Texas Department of
Transportation, namely the Salvage Vehicle Inspection Affidavit and
Application.  See Malik,
953 S.W.2d at 239; Fuller v. State, 73 S.W.3d 250, 252 (Tex.Crim.App. 2002). 


Section 501.155 of
the Texas Transportation Code provides:

(a)        A person commits an offense if the
person knowingly provides false or incorrect information or without legal
authority signs the name of another person on:

(1)        an application
for a certificate of title;

 

(2)        an application
for a certified copy of an original certificate of title;

 

(3)        an assignment
of title for a motor vehicle;

 

(4)        a discharge of
a lien on a title for a motor vehicle; or








(5)        any other
document required by the department or necessary to the transfer of ownership
of a motor vehicle.

 

(b)        An offense under this section is a
felony of the third degree.

 

Tex.Transp.Code Ann. '
501.155.  Appellant argues the State
failed to provide sufficient evidence that the document at issue was actually
required by the Department of Transportation. 
At oral argument, the State conceded that no testimonial or documentary
evidence was presented at trial directly establishing the document at issue to
be one required by the Texas Department of Transportation.  However, the State relies on portions of
testimony by Sergeant Lozano and certain statutory provisions in its assertion
that there was sufficient evidence to support this element of the offense.

Sergeant Lozano
testified that a Texas Salvage Certificate was a document produced by
the Texas Department of Transportation. 
However, neither he nor any other witness ever testified that either the
Salvage Certificate or the Salvage Vehicle Inspection Affidavit and Application
were required by the Department of Transportation.  Instead, the officer testified the affidavit
was required to be submitted to the Texas Department of Public Safety at the time
one presents a salvage vehicle for inspection. 
This testimony does not establish the document to be one required by the
Texas Department of Transportation.








The State also
argues the document at issue is clearly one required by the Texas Department of
Transportation under Texas law.  The
State cites to Sections 501.0922 and 501.0923 of the Transportation Code as
evidence of the requirement.  Having
reviewed these sections of the Code, we agree the Salvage Vehicle Inspection
Affidavit and Application is a document required by the Department of
Transportation.  However, the State did
not present any evidence related to these statutory provisions at trial.  The State did not enter copies of the statute
into evidence or question any witness about the statute or its
requirements.  The existence of a
statutory provision is not, in and of itself, evidence of an element of an
offense unless it is proved to the fact finder in some manner.  In re Winship, 397 U.S. 358, 364, 90 S.Ct.
1068, 25 L.Ed.2d 368 (1970); Weaver v. State, 87 S.W.3d 557, 560 (Tex.Crim.App. 2002).

Viewing all the
evidence in the light most favorable to the verdict, we are unable to find
sufficient evidence that the document at issue was required by the Department
of Transportation.  Jackson, 443
U.S. at 318-19; Rivera, 885 S.W.2d at 583.  We cannot conclude that any rational trier of fact could have found that this essential element
was proven beyond a reasonable doubt.  Rivera,
885 S.W.2d at 583. 
We sustain this portion of Appellant=s
second issue on appeal.  Because this
issue is dispositive of the appeal, we need not
address the remaining sub-issues and issues on appeal.

Because the
evidence presented was legally insufficient to establish a substantive element
of the offense under the Transportation Code, we are compelled to reverse the
judgment of the trial court.  Adelman, 828 S.W.2d at 421-22.  Accordingly, we render judgment of acquittal.

 

 

April
24, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
The judgment of the trial court erroneously lists the offense as providing
false information to a peace officer in violation of Section 37.08 of the Texas
Penal Code.





[2]
Ms. Porras testified through a Spanish-language
interpreter at trial.  The document was
written in English.  





[3]
The VIN number describes all the characteristics that are given or incorporated
into the vehicle from the factory.





[4]
These receipts were admitted into evidence as State=s
Exhibit No. 5.





[5]  Appellant was originally indicted for two
counts of knowingly providing false and incorrect information on a document
required by the Texas Department of Public Safety.  The second count is not mentioned here, nor at issue before us, because the trial court granted Appellant=s motion for a directed verdict
with respect to that count.