NO.
12-09-00227-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

WILLIE RAY EDENS,                                      '           APPEAL FROM THE 159TH

APPELLANT

 

V.                                            
'         JUDICIAL DISTRICT COURT
OF

 

THE STATE OF TEXAS,

APPELLEE                                  
'        ANGELINA COUNTY, TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            A
jury convicted Appellant Willie Ray Edens of aggravated assault of a child and
assessed his punishment at imprisonment for sixty years and a $5,000 fine. 
Appellant complains that his counsel was ineffective, the evidence is legally
and factually insufficient to support his conviction, and that the application
paragraph of the trial court’s charge improperly required that the jury find
the victim was a child under the age of six.  We affirm.

 

Background

            Appellant normally stayed at home
with the children while his wife worked.  When he noticed that his two year old
daughter had a pus-like vaginal discharge, he reported it to his wife.  The
parents took the daughter to the emergency room.  She was given antibiotics and
sent home.  Two days later, the hospital called them to report the girl tested
positive for gonorrhea.

            Detective
David Cross interviewed Appellant, Appellant’s wife, Sherbet Edens, and a
friend who lived with them, O.C. Odoms.  Cross asked them about others with
whom the victim may have had contact.  The family gave no other names. 
Everyone in the house was tested for the presence of a sexually transmitted
disease.  Only the victim and her father, Appellant, tested positive for
gonorrhea.  O.C. Odom tested positive for chlamydia, but the victim tested
negative for chlamydia.

            Norma
Sanford, a sexual assault nurse examiner, examined the victim and found a
healed break in her hymenal border.  The victim was then taken to the Child
Advocacy Center, but she was not sufficiently verbal to complete the interview.

            Cross
interviewed Appellant after his arrest.  Appellant told Cross that he regularly
sought out prostitutes, from whom he believed he had contracted gonorrhea. 
Appellant told Cross that he masturbated two to four times a day.  Appellant
had previously given his wife gonorrhea, but she had been treated successfully.

            At
trial, Appellant denied any sexual contact with his daughter.  He told the jury
that he had caught gonorrhea using prostitutes.  He explained that when he ejaculated
onto toilet paper or Kleenex in the bedroom or bathroom, his daughter would
have had access to them to wipe herself.  He testified that the family reused
towels and washed them infrequently.

     During
the punishment phase, Appellant admitted that he had broken into a neighbor’s
house on multiple occasions to view pornography.  He was charged with the
offense and received deferred adjudication community supervision in the case. 
He told the jury that he had admitted everything about his past to Detective
Cross.  But Appellant adamantly maintained that he had never touched his
daughter sexually.

 

Ineffective
Assistance of Counsel

            In
his first issue, Appellant complains he was denied effective assistance of
counsel.

Standard
of Review

            The
standard for testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),
and adopted for Texas constitutional claims in Hernandez v. State,
726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986).  To prevail on his claim of
ineffective assistance, an appellant must show that his attorney’s
representation fell below the standard of prevailing professional norms, and
that there is a reasonable probability that, but for the attorney’s deficiency,
the result of the trial would have been different.  Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The same test is applied in weighing claims of ineffectiveness against both
appointed and retained counsel.  Hurley v. State, 606 S.W.2d 887,
890 (Tex. Crim. App. [Panel Op.] 1980).

            Our
review of counsel’s representation is highly deferential; we indulge a strong
presumption that counsel’s conduct falls within a wide range of reasonable
representation.  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065;
Tong, 25 S.W.3d at 712.  This court will not second guess through
hindsight the strategy of counsel at trial, nor will the fact that another
attorney might have pursued a different course support a finding of
ineffectiveness.  Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim.
App. 1979).  That another attorney, including appellant’s counsel on appeal,
might have pursued a different course of action does not necessarily indicate
ineffective assistance.  Harner v. State, 997 S.W.2d 695, 704
(Tex. App.–Texarkana 1999, no pet.).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  The assessment of counsel’s effectiveness must be made
according to the facts of each case.  Ex parte Scott, 581 S.W.2d
181, 182 (Tex. Crim. App. 1979).

            In
order to render reasonably effective assistance, an attorney must have a firm
command of the facts of the case and the governing law.  Ex parte Welborn,
785 S.W.2d 391, 393 (Tex. Crim. App. 1990); Ex parte Lilly, 656
S.W.2d 490, 493 (Tex. Crim. App. 1983).  “It may not be argued that a given
course of conduct was within the realm of trial strategy unless and until the
trial attorney has conducted the necessary legal and factual investigation
which would enable him to make an informed rational decision.”  Welborn,
785 S.W.2d at 393 (citing Ex parte Duffy, 607 S.W.2d 507, 516
(Tex. Crim. App. 1980)).

Discussion

            Appellant
contends that his attorney was ineffective in failing to object to Detective
Cross’s testimony that Appellant frequented prostitutes, masturbated two to
four times a day, and watched pornography.  Without objection, the State asked Appellant’s
wife about his work history, his use of prostitutes during their marriage, and
his addiction to pornography.  His mother was questioned about his use of 900
telephone numbers when he was eleven or twelve.  The prosecutor asked Appellant
on cross examination questions about his dealings with prostitutes.

            The
only two people with gonorrhea in the house where the victim lived were
Appellant and the victim.  This circumstance alone is the strongest possible
evidence that the victim was sexually abused and Appellant was the abuser. 
Appellant admitted to the police that he contracted the infection from
prostitutes.  The defense theory was that the disease had been transmitted
through toilet paper or tissue or towels into which Appellant had ejaculated
while masturbating several times each day.  Appellant denied absolutely any
sexual contact with his daughter.  Only Appellant’s testimony could serve to
rebut the almost conclusive proof of his guilt raised by the results of the
tests for sexually transmitted disease.  A not guilty verdict depended on the
jury’s accepting Appellant’s explanation.  The defense concluded that the only
way to enhance Appellant’s credibility was to be open and candid in the
presentation of the evidence.  Repeated objections to the State’s evidence,
they believed, would appear devious and defeat their strategy.  Many, if not
most, of the damaging facts Appellant had admitted in his initial interview
with Detective Cross.

            The
defendant’s admission of how he contracted the disease was relevant.  The
failure to object to admissible evidence is not ineffective representation.  Burruss
v. State, 20 S.W.3d 179, 188 (Tex. App.–Texarkana 2000, pet. ref’d). 
The testimony regarding Appellant’s frequent masturbation was necessary to the
defensive theory that the victim was infected by means other than sexual
contact.  The decision to minimize objections in order to enhance Appellant’s
credibility was not a successful trial strategy.  But even with the benefit of
hindsight, it is difficult to envision another strategy with a better chance of
success.

            In
this same issue, Appellant claims his counsel was ineffective in not calling an
expert to rebut Dr. Fidone’s testimony regarding the transmission of
gonorrhea.  Appellant’s counsel was well prepared and conducted a skillful
cross examination of Dr. Fidone.  Dr. Fidone was much more forthcoming than
counsel expected.  In his opinion, no other expert would have been more helpful. 
Appellant has failed to show that he would have benefitted from another
expert’s testimony.  Without such a showing, there is no ineffectiveness in
failing to call a defense expert.  Teixeira v. State, 89 S.W.3d
190, 194 (Tex. App.–Texarkana 2002, pet. ref’d).  A defendant must offer more
than undeveloped assertions that the requested assistance would be beneficial. 
Moore v. State, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996).

            Appellant
maintains his counsel was ineffective for failing to object to evidence that,
on several occasions, he broke into a neighbor’s house to view pornography, an
offense for which he received deferred adjudication community supervision.  Evidence
of the burglary to view pornography was admissible at the punishment stage of
the trial because it was relevant to sentencing.  The failure to object to
admissible evidence cannot be ineffective assistance.  Burruss,
20 S.W.3d at 181.

            Appellant
complains his counsel was ineffective in failing to use a mitigation
specialist.  Appellant, however, offered no evidence that, if such an expert
had been called to testify, the expert’s testimony would have been favorable.

            Appellant
was charged with an odious offense; the evidence against him almost
conclusive.  Appellant insisted on pleading not guilty and refused to consider
the possibility of a plea agreement. To show how his daughter could have
contracted gonorrhea without sexual contact required Appellant to admit to
disgusting conduct.  Yet it was the only defense available.  Given the facts of
the case and the totality of the surrounding circumstances, we do not believe
Appellant’s representation “fell below the standard of prevailing professional
norms.”  Appellant’s first issue is overruled.

 

Legal
and Factual Sufficiency

            In
his second and third issues, Appellant challenges the legal and factual
sufficiency of the evidence to support his conviction.

Standard
of Review

            The
standard for reviewing a legal sufficiency challenge is whether, viewing the
evidence in the light most favorable to the jury’s verdict, any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia, 43 U.S. 307, 317-18, 99
S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); see also Johnson v. State,
871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  In reviewing factual sufficiency,
we must ask whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine our confidence in the jury’s determination or proof of guilt,
although adequate, if taken alone, is greatly outweighed by contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. Ap. 2000); see also Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

Discussion

            The
trial court’s charge required the State to prove that the defendant
intentionally or knowingly caused contact or penetration of the sexual organ of
”Jane Doe,” a child two years of age and not the spouse of the defendant, by the
defendant’s sexual organ.

            After
the discovery of the victim’s infection, all those who could have had contact
with her were tested for sexually transmitted diseases.  Only Appellant and the
victim tested positive for gonorrhea.  O.C. Odom tested positive for chlamydia,
but the victim tested negative for chlamydia.  The symptoms of gonorrhea, Dr.
Fidone explained, generally appear within one or two weeks of exposure.  The
gonorrhea bacteria requires contact from a moist membrane to another moist
membrane in order to live.  Its life span on a toilet tissue or towel is only a
few minutes.  It cannot be transferred by touching the skin unless there is an
open sore.  Dr. Fidone testified that after the newborn period, the presence of
gonorrhea in a child confirms sexual abuse.  In his testimony, Dr. Fidone said
that the perpetrator must have had the discharge on his penis or hand and
applied it to the child’s vagina by penetration or fondling in order to infect
the child.  The doctor concluded that the presence of an outer hymenal injury
together with the venereal infection confirmed sexual abuse.

            Appellant
argues that the victim’s mother had gonorrhea during her pregnancy.  Therefore,
he claims there is a reasonable possibility that the victim contracted the
disease from her mother.  There is, however, no evidence to support Appellant’s
assertion.  Sherbet Edens tested negative for gonorrhea during her pregnancy. 
Dr. Fidone testified that the victim did not have gonorrhea immediately after
her birth.

            It
was the theory of the defense that the child contracted the disease by wiping
herself with tissues or towels Appellant had used during masturbation.  Dr.
Fidone testified that though highly improbable, the disease can be transmitted
nonsexually.  But he also explained that this is extremely rare because of the
short life span of the gonococcus bacteria outside of the human body.  The jury
was justified in rejecting Appellant’s defensive theory.

            There
is ample evidence from which the jury could reasonably find that Appellant, the
victim’s father, gave her gonorrhea by the penetration of or contact with her
vagina by his penis.

            We
have reviewed the entire record.  Measuring the evidence against the
appropriate standards of review, we conclude that the evidence is both legally
and factually sufficient to support Appellant’s conviction.

 

Charge
Error

            In
his fourth issue, Appellant contends the trial court erred in denying his
objection to the verdict form in its charge, “which listed the child’s age as
six when the statute defines a child as under fourteen.”  In Appellant’s view,
the verdict form improperly emphasized the age of the child at the
guilt-innocence stage.  Appellant contends that this verdict form was only
appropriate for the punishment phase because the age of the child affects only
punishment.

            The
indictment alleged that “Jane Doe” was under the age of six years rather than
younger than fourteen years of age because Texas Penal Code section 22.021(f)(1)
provides that the minimum penalty for aggravated sexual assault of a child is imprisonment
for twenty-five years if the child is under six years of age.

            The
charge mirrors the indictment.  It does not lessen the proof required for
conviction or enlarge the allegations in the indictment so that Appellant could
be convicted on facts not alleged.  It is undisputed that the victim was under
six years of age.

            It
is essential that the trial court not deviate from the allegations in the
indictment in drafting that portion of the charge which applies the law to the
facts of the case.  Williams v. State, 612 S.W.2d 934, 935 (Tex.
Crim. App. 1981).  If the portion of the charge applying the law to the facts
duplicates the language of the indictment, there is no error.  Rivera v.
State, 885 S.W.2d 581, 585 (Tex. App–El Paso 1994, no pet.). 
Appellant’s fourth issue is without merit and is overruled.

 

Disposition

            The
judgment is affirmed.

 

 

  
 BILL BASS    

 Justice

 

 

 

Opinion delivered July 14, 2010.

Panel consisted
of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of
Appeals,

Tyler, sitting by
assignment.

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)