# NO. 12-09-00227-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE RAY EDENS,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant Willie Ray Edens of aggravated assault of a child and assessed his punishment at imprisonment for sixty years and a $5,000 fine. Appellant complains that his counsel was ineffective, the evidence is legally and factually insufficient to support his conviction, and that the application paragraph of the trial court's charge improperly required that the jury find the victim was a child under the age of six. We affirm.

## BACKGROUND

Appellant normally stayed at home with the children while his wife worked. When he noticed that his two year old daughter had a pus-like vaginal discharge, he reported it to his wife. The parents took the daughter to the emergency room. She was given antibiotics and sent home. Two days later, the hospital called them to report the girl tested positive for gonorrhea.

Detective David Cross interviewed Appellant, Appellant's wife, Sherbet Edens, and a friend who lived with them, O.C. Odoms. Cross asked them about others with whom the victim may have had contact. The family gave no other names. Everyone in the house was tested for the presence of a sexually transmitted disease. Only the victim and her father, Appellant, tested positive for gonorrhea. O.C. Odom tested positive for chlamydia, but the victim tested negative

1

for chlamydia.

Norma Sanford, a sexual assault nurse examiner, examined the victim and found a healed break in her hymenal border. The victim was then taken to the Child Advocacy Center, but she was not sufficiently verbal to complete the interview.

Cross interviewed Appellant after his arrest. Appellant told Cross that he regularly sought out prostitutes, from whom he believed he had contracted gonorrhea. Appellant told Cross that he masturbated two to four times a day. Appellant had previously given his wife gonorrhea, but she had been treated successfully.

At trial, Appellant denied any sexual contact with his daughter. He told the jury that he had caught gonorrhea using prostitutes. He explained that when he ejaculated onto toilet paper or Kleenex in the bedroom or bathroom, his daughter would have had access to them to wipe herself. He testified that the family reused towels and washed them infrequently.

During the punishment phase, Appellant admitted that he had broken into a neighbor's house on multiple occasions to view pornography. He was charged with the offense and received deferred adjudication community supervision in the case. He told the jury that he had admitted everything about his past to Detective Cross. But Appellant adamantly maintained that he had never touched his daughter sexually.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his first issue, Appellant complains he was denied effective assistance of counsel.

**Standard of Review**

The standard for testing claims of ineffective assistance of counsel is set out in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas constitutional claims in ***Hernandez v. State***, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). To prevail on his claim of ineffective assistance, an appellant must show that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. ***Tong v. State***, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Id.*** The same test is applied in weighing claims of ineffectiveness against both appointed and retained counsel. ***Hurley v. State***, 606 S.W.2d 887, 890 (Tex. Crim. App. [Panel Op.] 1980).

2

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. This court will not second guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another attorney, including appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State*, 997 S.W.2d 695, 704 (Tex. App.–Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The assessment of counsel's effectiveness must be made according to the facts of each case. *Ex parte Scott*, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979).

In order to render reasonably effective assistance, an attorney must have a firm command of the facts of the case and the governing law. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); *Ex parte Lilly*, 656 S.W.2d 490, 493 (Tex. Crim. App. 1983). "It may not be argued that a given course of conduct was within the realm of trial strategy unless and until the trial attorney has conducted the necessary legal and factual investigation which would enable him to make an informed rational decision." *Welborn*, 785 S.W.2d at 393 (citing *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980)).

## Discussion

Appellant contends that his attorney was ineffective in failing to object to Detective Cross's testimony that Appellant frequented prostitutes, masturbated two to four times a day, and watched pornography. Without objection, the State asked Appellant's wife about his work history, his use of prostitutes during their marriage, and his addiction to pornography. His mother was questioned about his use of 900 telephone numbers when he was eleven or twelve. The prosecutor asked Appellant on cross examination questions about his dealings with prostitutes.

The only two people with gonorrhea in the house where the victim lived were Appellant and the victim. This circumstance alone is the strongest possible evidence that the victim was sexually abused and Appellant was the abuser. Appellant admitted to the police that he contracted the infection from prostitutes. The defense theory was that the disease had been transmitted through toilet paper or tissue or towels into which Appellant had ejaculated while

3

masturbating several times each day. Appellant denied absolutely any sexual contact with his daughter. Only Appellant's testimony could serve to rebut the almost conclusive proof of his guilt raised by the results of the tests for sexually transmitted disease. A not guilty verdict depended on the jury's accepting Appellant's explanation. The defense concluded that the only way to enhance Appellant's credibility was to be open and candid in the presentation of the evidence. Repeated objections to the State's evidence, they believed, would appear devious and defeat their strategy. Many, if not most, of the damaging facts Appellant had admitted in his initial interview with Detective Cross.

The defendant's admission of how he contracted the disease was relevant. The failure to object to admissible evidence is not ineffective representation. *Burruss v. State*, 20 S.W.3d 179, 188 (Tex. App.–Texarkana 2000, pet. ref'd). The testimony regarding Appellant's frequent masturbation was necessary to the defensive theory that the victim was infected by means other than sexual contact. The decision to minimize objections in order to enhance Appellant's credibility was not a successful trial strategy. But even with the benefit of hindsight, it is difficult to envision another strategy with a better chance of success.

In this same issue, Appellant claims his counsel was ineffective in not calling an expert to rebut Dr. Fidone's testimony regarding the transmission of gonorrhea. Appellant's counsel was well prepared and conducted a skillful cross examination of Dr. Fidone. Dr. Fidone was much more forthcoming than counsel expected. In his opinion, no other expert would have been more helpful. Appellant has failed to show that he would have benefitted from another expert's testimony. Without such a showing, there is no ineffectiveness in failing to call a defense expert. *Teixeira v. State*, 89 S.W.3d 190, 194 (Tex. App.–Texarkana 2002, pet. ref'd). A defendant must offer more than undeveloped assertions that the requested assistance would be beneficial. *Moore v. State*, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996).

Appellant maintains his counsel was ineffective for failing to object to evidence that, on several occasions, he broke into a neighbor's house to view pornography, an offense for which he received deferred adjudication community supervision. Evidence of the burglary to view pornography was admissible at the punishment stage of the trial because it was relevant to sentencing. The failure to object to admissible evidence cannot be ineffective assistance. *Burruss*, 20 S.W.3d at 181.

Appellant complains his counsel was ineffective in failing to use a mitigation specialist.

4

Appellant, however, offered no evidence that, if such an expert had been called to testify, the expert's testimony would have been favorable.

Appellant was charged with an odious offense; the evidence against him almost conclusive. Appellant insisted on pleading not guilty and refused to consider the possibility of a plea agreement. To show how his daughter could have contracted gonorrhea without sexual contact required Appellant to admit to disgusting conduct. Yet it was the only defense available. Given the facts of the case and the totality of the surrounding circumstances, we do not believe Appellant's representation "fell below the standard of prevailing professional norms." Appellant's first issue is overruled.

## LEGAL AND FACTUAL SUFFICIENCY

In his second and third issues, Appellant challenges the legal and factual sufficiency of the evidence to support his conviction.

### Standard of Review

The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 43 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). In reviewing factual sufficiency, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the jury's determination or proof of guilt, although adequate, if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. Ap. 2000); *see also Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

### Discussion

The trial court's charge required the State to prove that the defendant intentionally or knowingly caused contact or penetration of the sexual organ of "Jane Doe," a child two years of age and not the spouse of the defendant, by the defendant's sexual organ.

After the discovery of the victim's infection, all those who could have had contact with her were tested for sexually transmitted diseases. Only Appellant and the victim tested positive for gonorrhea. O.C. Odom tested positive for chlamydia, but the victim tested negative for

5

chlamydia. The symptoms of gonorrhea, Dr. Fidone explained, generally appear within one or two weeks of exposure. The gonorrhea bacteria requires contact from a moist membrane to another moist membrane in order to live. Its life span on a toilet tissue or towel is only a few minutes. It cannot be transferred by touching the skin unless there is an open sore. Dr. Fidone testified that after the newborn period, the presence of gonorrhea in a child confirms sexual abuse. In his testimony, Dr. Fidone said that the perpetrator must have had the discharge on his penis or hand and applied it to the child's vagina by penetration or fondling in order to infect the child. The doctor concluded that the presence of an outer hymenal injury together with the venereal infection confirmed sexual abuse.

Appellant argues that the victim's mother had gonorrhea during her pregnancy. Therefore, he claims there is a reasonable possibility that the victim contracted the disease from her mother. There is, however, no evidence to support Appellant's assertion. Sherbet Edens tested negative for gonorrhea during her pregnancy. Dr. Fidone testified that the victim did not have gonorrhea immediately after her birth.

It was the theory of the defense that the child contracted the disease by wiping herself with tissues or towels Appellant had used during masturbation. Dr. Fidone testified that though highly improbable, the disease can be transmitted nonsexually. But he also explained that this is extremely rare because of the short life span of the gonococcus bacteria outside of the human body. The jury was justified in rejecting Appellant's defensive theory.

There is ample evidence from which the jury could reasonably find that Appellant, the victim's father, gave her gonorrhea by the penetration of or contact with her vagina by his penis.

We have reviewed the entire record. Measuring the evidence against the appropriate standards of review, we conclude that the evidence is both legally and factually sufficient to support Appellant's conviction.

## CHARGE ERROR

In his fourth issue, Appellant contends the trial court erred in denying his objection to the verdict form in its charge, "which listed the child's age as six when the statute defines a child as under fourteen." In Appellant's view, the verdict form improperly emphasized the age of the child at the guilt-innocence stage. Appellant contends that this verdict form was only appropriate for the punishment phase because the age of the child affects only punishment.

6

The indictment alleged that "Jane Doe" was under the age of six years rather than younger than fourteen years of age because Texas Penal Code section 22.021(f)(1) provides that the minimum penalty for aggravated sexual assault of a child is imprisonment for twenty-five years if the child is under six years of age.

The charge mirrors the indictment. It does not lessen the proof required for conviction or enlarge the allegations in the indictment so that Appellant could be convicted on facts not alleged. It is undisputed that the victim was under six years of age.

It is essential that the trial court not deviate from the allegations in the indictment in drafting that portion of the charge which applies the law to the facts of the case. *Williams v. State*, 612 S.W.2d 934, 935 (Tex. Crim. App. 1981). If the portion of the charge applying the law to the facts duplicates the language of the indictment, there is no error. *Rivera v. State*, 885 S.W.2d 581, 585 (Tex. App–El Paso 1994, no pet.). Appellant's fourth issue is without merit and is overruled.

## DISPOSITION

The judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)

7