# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00307-CR

**Marc Trace Wyatt, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
### NO. 7583, HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Marc Trace Wyatt, of criminal mischief with pecuniary loss of at least $20,000 but not more than $100,000, a third-degree felony. *See* Tex. Penal Code § 28.03(a),(b)(5). The jury assessed punishment, enhanced by two prior felony convictions, at 80 years in prison and a fine of $5,000. *See id.* §§ 12.32 (first-degree felony punishment range), .42 (third-degree felony punished as first-degree felony for habitual offenders). On appeal, appellant challenges the sufficiency of the evidence to support his conviction. We will affirm.

A person commits the offense of criminal mischief when he intentionally or knowingly damages or destroys tangible property without the effective consent of the owner. *Id.* § 28.03(a)(1). The amount of pecuniary loss determines the degree of the offense and thus forms the basis of the punishment assessed. *See id.* § 28.03(b). In the present case, the indictment alleged that, on or about April 26, 2012, appellant "did . . . intentionally or knowingly damage or destroy

tangible property, to wit: four (4) 10-ton and one (1) 3-ton air-conditioning units, by removing all aluminum coils from said units, without the effective consent of Eugene Fitzpatrick dba Tractor Supply of Giddings, Lee County, Texas, the owner of said property, and did thereby cause pecuniary loss of $20,000.00 or more but less than $100,000.00 to the said owner."

In two issues on appeal, appellant challenges the sufficiency of the evidence to support two elements of the offense: (1) the amount of pecuniary loss, and (2) the identity of the owner who suffered the loss. Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014). When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Rabb*, 434 S.W.3d at 616. We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider only whether the jury reached a rational decision. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) ("'Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally.'" (quoting *Laster*, 275 S.W.3d at 518)).

In issue one, appellant challenges the sufficiency of the evidence to support the jury's finding that the amount of the loss was at least $20,000. Although the jury charge tracked the indictment precisely, it is not disputed that the evidence at trial established that the air-conditioning

units were destroyed, not merely damaged.  If property is destroyed rather than damaged, the amount of pecuniary loss is (1) the fair market value of the property at the time and place of the destruction, or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction.  Tex. Penal Code § 28.06(a).  The State concedes that there is no evidence that the fair market value of the air conditioning units could not be ascertained; accordingly, we must determine whether there is sufficient evidence that the fair market value of the property at the time and place of destruction was at least $20,000.  *See Lackey v. State*, 290 S.W.3d 912, 919 (Tex. App.—Texarkana 2009, pet. ref'd); *Rivera v. State*, 885 S.W.2d 581, 584 (Tex. App.—El Paso 1994, no pet.).  The appellant contends there is no evidence of fair market value and only evidence of replacement cost.  We disagree.

Eugene Fitzpatrick, manager of the Tractor Supply store, testified that the building serviced by the air-conditioning units was newly constructed by Bingham Construction approximately 18 months before the units were destroyed.  Mike Stephens, sales manager for the vendor who provided both the original and replacement air-conditioning units, testified that the damaged units utilized the newest technology involving microchannels and that this type of technology first became available near the time the Tractor Supply building was constructed.  According to Stephens, the units were very expensive, the price charged for the damaged units was between $22,000 and $24,000, and the acquisition price reflected a discount because the purchaser (presumably Bingham Construction) had purchased a large number of units from the vendor.  David Rose, an employee of Bingham Construction, which is affiliated with the building landlord, testified that at the time the air-conditioning units were destroyed, they "were in perfect operating condition"

3

and "[b]asically new units still." Rose further testified that his company paid $28,500 for the replacement units, which was the "usual and customary" price, and $5,700 for installation, which was "very reasonable" for that type of work. There was also evidence that the replacement units had to be obtained from a location outside of Texas. Finally, there is evidence that insurance paid for all but $1,000 of the replacement cost. Although there was no express opinion testimony about the fair market value of the units at the time of their destruction, we conclude that the foregoing evidence is sufficient to permit a rational juror to find beyond a reasonable doubt that the fair market value of the five damaged air-conditioning units at that time was at least $20,000. *See Campbell v. State*, 426 S.W.3d 780, 784, 785 (Tex. Crim. App. 2014) (owner's opinion of fair market value to replace property at time of destruction was sufficient to establish fair market value of property at time and place of destruction); *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986) (owner of property may give opinion or estimate of property in general terms while non-owner must be qualified as to knowledge of the value of property and give explicit testimony as to fair market or replacement value); *Jimenez v. State*, 67 S.W.3d 493, 506 (Tex. App.—Corpus Christi 2002, pet. ref'd) (holding that owner's testimony regarding amount insurance company paid for destroyed vehicle was legally sufficient to prove fair market value even absent specific statement in record regarding value). We therefore overrule appellant's first issue.

Appellant's second issue complains of an alleged discrepancy between the indictment and the evidence at trial regarding the identity of the property owner who bore the loss. The indictment alleges that Eugene Fitzpatrick, d/b/a Tractor Supply of Giddings, Lee County, Texas (Tractor Supply) was the owner of the air-conditioning units and that "the said owner" suffered

4

pecuniary loss of at least $20,000. Under the Penal Code, an "owner" is defined as "a person who . . . has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." Tex. Penal Code § 1.07(a)(35)(A). It is undisputed that Tractor Supply leases the building that was serviced by the destroyed air-conditioning units. Appellant therefore concedes that Tractor Supply was properly named in the indictment as an "owner" of the units. The evidence, however, reflects that Tractor Supply did not pay to replace the air-conditioning units. Rather, it is undisputed that the building's owner, Tractor Supply's landlord, incurred the loss. Accordingly, appellant contends that there is a fatal variance between the indictment and the proof offered at trial with regard to the "owner" who suffered the loss. That is, the indictment alleged that Tractor Supply suffered a loss of at least $20,000, but the evidence at trial established that the landlord actually suffered the loss.

A variance occurs when there is a discrepancy between the charging instrument and proof at trial. In such a situation, "the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). A variance between the wording of the indictment and the evidence presented is fatal only if it is material and prejudices the defendant's substantial rights. *Id.* at 257. In assessing materiality, we are to ask two questions: first, "whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial," and, second, "whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime." *Id.* at 248.

5

We conclude that the variance between the indictment's allegation that Tractor Supply suffered the loss and the proof at trial that the landlord actually suffered the loss is immaterial because (1) Tractor Supply and the landlord are joint owners of the same property under the definition of "owner" in section 1.07(a)(35)(A) of the Penal Code, (2) the name of the owner is not a statutory element of the offense in section 28.03 of the Penal Code, (3) the identity of the owner who suffers the pecuniary loss is also not a statutory element under section 28.03, (4) the record reflects that the variance did not operate to surprise or mislead appellant or impair his ability to prepare an adequate defense, and (5) the variance does not affect the allowable unit of prosecution such that appellant would be in danger of being prosecuted in the future for the same criminal offense (i.e., the proof at trial does not show "an entirely different offense" than what was alleged in the indictment). *See Johnson v. State*, 364 S.W.3d 292, 295, 298-99 (Tex. Crim. App. 2012) ("[A] variance involving a non-statutory allegation that describes an 'allowable unit of prosecution' element of the offense may or may not render the evidence legally insufficient, depending upon whether the variance is material . . . [and] other types of variances involving immaterial non-statutory allegations do not render the evidence legally insufficient."); *Gollihar*, 46 S.W.3d at 257 ("A variance between the wording of an indictment and the evidence presented at trial is fatal only if 'it is material and prejudices [the defendant's] substantial rights.'"); *cf. Cada v. State*, 334 S.W.3d 766, 768 (Tex. Crim. App. 2011) ("[A] variance between the pleading of one statutory element ('a witness') and proof of a different statutory element ('a prospective witness' or 'an informant') is material."); *Byrd v. State*, 336 S.W.3d 242, 244-45, 257-58 (Tex. Crim. App. 2011) (holding evidence insufficient to support conviction where indictment alleged theft from one person

but evidence showed another owner and no evidence linked person named in indictment to actual owner).  We therefore review the sufficiency of the evidence under the hypothetically correct jury charge for the case, not the jury charge that was actually given.  *Gollihar*, 46 S.W.3d at 257.  The hypothetically correct charge need not incorporate allegations that give rise to immaterial variances.  *Id*.  Applying this standard, the evidence is sufficient to support the jury's finding that (1) Tractor Supply and the landlord were owners of the air-conditioning units, (2) Tractor Supply did not consent to the destruction of that property, and (3) the landlord suffered pecuniary loss from their destruction.  We overrule appellant's second issue.

Having overruled the issues presented on appeal, we affirm the judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:  December 19, 2014

Do Not Publish

7