## Orle Alsup v. The State.

### No. 5119.   Decided November 6, 1918.

**1.—Theft—Cumulative Sentence—Appeal—Practice on Appeal—Statutes Construed.**

Where defendant was convicted of a felony and the sentence was made cumulative with a former conviction of defendant of a felony in another county, the contention that an appeal from the first conviction suspended article 862, C. C. P., and the trial court was without authority to make the .sentence of the second conviction cumulative is untenable, and there was no reversible error.   Overruling Law v. State, 73 Texas Crim. Rep., 5.

**2.—Same—Final Conviction—Statutes Construed.**

While the use of the term final conviction is not embraced in article 862, C. C. P., the language thereof clearly shows the intention of the Legislature and the method of procedure by which the judgment of conviction in the District Court in a subsequent case could be made cumulative of one in a prior case, and the power is given the court to enter such judgment, and an appeal does not interfere.

Appeal from the District Court of Tom Green.   Tried below before the Hon. C. E. Dubois.

Appeal from a conviction of theft of an automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Anderson & Upton*, for appellant.—Cited cases in the opinion.

*E. B. Hendricks*, Assistant Attorney General, and *J. A. Thomas*, for the State.—On question of former conviction:   Weatherford v. State, 73 Texas Crim. Rep., 440, 166 S. W. Rep., 149; Snodgrass v. State, 67 Texas Crim. Rep., 615, 150 S. W. Rep., 162.

MORROW, Judge.—The appellant was convicted of the charge of theft of an automobile of the value of $500 and his punishment fixed at confinement in the State penitentiary for two years.

The sentence was made cumulative with a conviction of appellant of a felony in Coke County.   The appellant does not complain of the conviction but insists that the judgment should be reformed, taking the position that the appellant having appealed from the judgment of conviction in Coke County that under article 862 of the C. C. P. the trial court was without authority to make the sentence in this case cumulative.   His position is that when appellant appealed from the first conviction that the statute authorizing the court to make the judgment in the subsequent conviction cumulative of the first has no application. His contention is supported by the decision of this court in Law v. State, 73 Texas Crim. Rep., 5, 163 S. W. Rep., 90.   The State insists that the conclusion there reached misapprehends the effect of the statute. The statute in question is as follows:   "When the same defendant has been convicted in two or more cases, and the punishment assessed in

each case is confinement in the penitentiary or the county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate, and the judgment and execution thereof shall be accordingly."

The construction of this statute contended for by appellant would put it within the power of the accused to annul the effect of the statute by giving notice of appeal. We quote from Law's case, supra: "Therefore we must look to that article of the code to cumulate sentences, and by turning to it we find that it is only after a *final conviction* that one term of imprisonment can be made to begin at the expiration of the other. The first case, at the time of this trial, being on appeal and pending in this court, the judgment had not become final, and therefore the court was without authority to order this sentence to begin at the expiration of the first sentence in case we affirmed it."

The statute, article 862, supra, does not use the term "final conviction." It is true that in many instances this court has held in construing particular statutes that the term "conviction" meant "final conviction," such for instance has been the construction with reference to the competency of a witness of one who has been convicted of a felony. This statute, however, has other explanatory words: "the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate." The judgment and sentence in a case appealed from if affirmed would cease to operate when the accused had served the allotted time in the penitentiary or had been discharged for any lawful reason. The penalty subsequently fixed could then be enforced. The language of the statute clearly evinces the intention of the Legislature and method of procedure by which the judgment of conviction in the District Court in a subsequent case could be made cumulative of one in a prior case. The power is given the District Court to enter the judgment. If the accused, by appealing the first case, postpones the time when it will begin to operate, he does not thereby deprive the court of the power vested in it by the statute but simply postpones the beginning of the operation of the second sentence until the first one has "ceased to operate."

The motion to amend the judgment is overruled and an affirmance ordered.