**Ex parte Gerald C. HOWARD.**

**No. 42504.**

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

David Christian, Meridian, for appellant.

Byron L. McClellan, Dist. Atty., Gatesville, and Jim Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

On June 16, 1969, the District Court of Bosque County conducted an evidentiary hearing on petitioner's application for writ of habeas corpus under the provisions of Article 11.07, Vernon's Ann.C.C.P. At the conclusion of such hearing the court entered its findings of fact and conclusions of law and ordered the record transmitted to this court.

In its findings of fact the court found that the petitioner was convicted of burglary in Cause Nos. 9665, 9666, 9667, 9668, 9669, 9670, 9671 and 9672 in the District Court of Bosque County on April 3, 1956, and was sentenced to 12 years in the Texas penitentiary in each of said cases on the same date with the sentences made to run cumulative for a total of 96 years. The record does not reflect that notice of appeal was given in any of the cases.

In its conclusions of law the court found that petitioner was illegally confined since the sentences in the eight (8) cases were made cumulative "when as a matter of law none of them could have been final judgments of convictions as they were all heard before the court on the same day" (April 3, 1956) and that the petitioner has been continuously in confinement for more than 12 years, the maximum sentence authorized for burglary.

The court further concluded that the petitioner had not waived his constitutional right to trial by jury; that the application for habeas corpus should be granted.

■ Under the provisions of Article 774, V.A.C.C.P. (now Article 42.08, V.A.C.C.P.) in effect at time of petitioner's convictions in 1956, the trial court was authorized within its discretion to cumulate the sentences as it did in Alsup v. State, 84 Tex.Cr.R. 208, 206 S.W. 345; Ex parte McClain, 158 Tex.Cr.R. 115, 253 S.W.2d 863; Ex parte Hatfield, 156 Tex.Cr.R. 92, 238 S.W.2d 788. The habeas corpus erroneously concluded that there was an improper cumulation.

The docket sheets in each case reflect that the petitioner, represented by counsel, had waived a trial by jury. The judgment in each case reflects that the petitioner and the state had agreed in writing to the waiver of a jury and that such waiver had been approved by the court. Under the provisions of Article 10a, V.A.C.C.P., in effect at time of petitioner's trial, it was only the approval of the attorney representing the state of the jury waiver by the defendant that was required to be in writing, while the consent and approval of the court was to be entered on the minutes of the court. The actual waiver or request by a defendant to waive a jury trial and to enter a plea of guilty was not required to be in writing.

The docket sheet reflects that the defendant, before he was sentenced, waived the two days as was provided by Article 755, V.A.C.C.P. (old Code) within which he could have filed his motion for a new trial. The two days having been waived, the petitioner's convictions became final at the time the sentences were pronounced.

Testifying at the evidentiary hearing, the petitioner admitted he had entered a guilty plea to the offenses in question. He did not claim that he had not waived trial by jury in each case. He merely testified that he did not remember signing any document waiving trial by jury. Petitioner did offer the application to waive trial by jury in said Cause No. 9665 which was not signed by the petitioner (though the form provided a space for his signature).

The approval of the request to waive a jury was, however, approved by the District Attorney in writing which was all that was required by Article 10a, supra.

■ We cannot therefore conclude that the record supports the trial court's conclusions.

There are allegations upon which no evidence was introduced, and no findings of fact and conclusions of law were made. Further, there appears no request for additional findings and conclusions than those herein shown. No objections were made to the record as presented.

The relief prayed for is denied without prejudice as to allegations upon which the court did not make any findings.