**Ex parte Victor Mature NICKERSON.**

**No. 71970.**

Court of Criminal Appeals of Texas,
En Banc.

March 1, 1995.

---

Attorney pro se.

John B. Holmes, Jr., Dist. Atty., and John S. Klassen, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Applicant filed this application under Article 11.07, § 2, V.A.C.C.P., challenging the cumulative treatment by the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID) of two sentences he received. He contends the sentences should be treated as concurrent sentences because the first sentence "ceased to operate" when the conviction was reversed on appeal.

The following facts are pertinent to Applicant's contention:

1. In March, 1989, Applicant was convicted of burglary of a building in cause number 18,727 in Brazoria County. After finding an enhancement allegation true, the jury assessed punishment at confinement for fifty years.

2. In May, 1989, a jury convicted Applicant of possession of cocaine in cause number 518,028 in Harris County. The jury found the enhancement allegations true and assessed punishment at confinement for fifty years. The trial court ordered that this sentence begin to operate only after the sentence for burglary of a building in cause number 18,727 in Brazoria County had ceased to operate.

3. After several appellate opinions, *Nickerson v. State*, 792 S.W.2d 212 (Tex.App.—Houston [1st], 1990) *rev'd* 810 S.W.2d 398 (Tex.Cr.App.1991), Applicant's conviction in cause number 18,727 was reversed and remanded. *Nickerson v. State*, No. 01–89–

00352–CR, 1992 WL 23636 (Tex.App.—Houston [1st], delivered February 13, 1992, no pet.).

4. In October, 1992, Applicant pled guilty in cause number 18,727 in Brazoria County and was sentenced to confinement for twenty-five years.

Applicant contends and the evidence in the record shows that TDCJ–ID is treating his fifty year sentence in cause number 518,028 and his twenty-five year sentence in cause number 18,727 as one cumulated sentence of seventy-five years because of the cumulation order entered in May, 1989, in cause number 518,028. Applicant argues this is improper because the judgment and sentence in cause number 18,727 "ceased to operate" when the reversal by the Court of Appeals in 1992 became final. Therefore, the fifty year sentence in cause number 518,028 should have begun at that time and Applicant's fifty-year sentence and "new" twenty-five year sentence should be treated as concurrent sentences.

Article 42.08(a), V.A.C.C.P., states, in pertinent part:

When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; . . .

The meaning of "ceased to operate" as used in Art. 42.08(a) is the key to Applicant's claim. He contends that the sentence in cause number 18,727 ceased to operate when his conviction in that cause was reversed and remanded by the Court of Appeals in 1992. ▮ The effect of a reversal and remand for a new trial by an appellate court is set out in Tex.R.App.Pro. 87(b)(2), which states in pertinent part:

Judgment of Reversal. When the judgment of the appellate court reverses the judgment of the trial court and grants a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the trial court, and if in custody and entitled to bail the defendant shall be released upon his giving bail.

Further, Tex.R.App.Pro. 32 states that the effect of granting a new trial is to restore the case "to its position before the former trial . . . ." This means no finding of guilt and no sentence exist. No conviction remains when the case is restored to a position before the former trial, unlike the situation when a defendant has been convicted and the case is pending on appeal. In the latter circumstance the conviction exists; it is simply not "final" for some purposes. Cumulation is permissible in such a situation. *Banks v. State*, 503 S.W.2d 582 (Tex.Cr.App.1974); *Holcomb v. State*, 484 S.W.2d 929 (Tex.Cr.App.1972); *Alsup v. State*, 206 S.W. 345 (Tex.Cr.App.1918).

▮ Because no conviction remains when the judgment has been reversed and remanded for a new trial, the sentence is no longer in effect; it has ceased to operate because it no longer exists. Therefore, in accord with the cumulation order, the sentence in the second or subsequent conviction should begin to operate when the reversal in the preceding conviction is final. See Tex. R.App.Pro. 86 and 87.

▮ In Applicant's case the sentence in cause number 518,028 should have begun when the reversal in cause number 18,727 became final. Further, since no cumulation order was entered commanding that Applicant's subsequent sentence in cause number 18,727, imposed after retrial, begin to run after the sentence in cause number 518,028 had ceased to operate, the sentences in both causes must run concurrently. Art. 42.08(a). Therefore, TDCJ–ID shall treat the sentences as concurrent sentences in accord with this opinion. All other relief is denied. Copies of this opinion will be sent to TDCJ–ID.

It is so ordered.