

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NO. WR-37,070-02**

---

**Ex parte KENNETH VELA, Applicant**

---

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 90-CR-4364 IN THE 144TH DISTRICT COURT
BEXAR COUNTY**

---

KELLER, P.J., delivered the opinion of the Court in which MEYERS, JOHNSON, KEASLER, ALCALA, RICHARDSON, YEARY and NEWELL, JJ., joined. HERVEY, J., did not participate.

We filed and set this habeas application to determine what effect granting a new punishment hearing has on a stacking order. We conclude that the granting of a new punishment hearing removes the sentence from the stacking order. Because the trial judge in the present case did not issue a new order stacking the new sentence in the re-sentenced case onto the sentence for an existing conviction, applicant's sentences are running concurrently. We grant relief.

## I. BACKGROUND

Applicant was convicted of aggravated robbery and sentenced to life in prison. He was also convicted of possession of heroin and sentenced to sixty years. The trial court ordered that the heroin sentence be "stacked" onto (run consecutively to) the aggravated-robbery sentence. Applicant subsequently appealed his aggravated-robbery conviction, and the case was reversed and remanded

for a new punishment hearing.  At the new punishment hearing, he again received a life sentence, but the trial court did not issue a new stacking order with respect to the heroin sentence.

Applicant now complains that the Texas Department of Criminal Justice (TDCJ) is treating his heroin sentence as if it were stacked onto the aggravated-robbery sentence.[1]  He claims that, once the aggravated-robbery case was reversed, it vanished for stacking purposes.   He further contends that, because the trial court did not issue a new stacking order with respect to the heroin sentence when he was re-sentenced for the aggravated robbery, the heroin and aggravated-robbery sentences should be running concurrently.  He relies upon *Ex parte Nickerson*, which held that a sentence ceases to operate for stacking purposes if the case is reversed and remanded for a new trial.[2]

The State contends that the sentence in the aggravated-robbery case did not "cease to operate" because it had not yet begun.  In the State's view, the remand for a new punishment hearing merely suspended the case for stacking purposes, and the defendant's convictions resumed their stacked status once he was re-sentenced in the aggravated-robbery case.  The State relies in part on *Alsup v. State*, which held that a sentence does not cease to operate for stacking purposes when the defendant files a notice of appeal.[3]

## II. ANALYSIS

### A. Principles of Construction

How the stacking statute operates is a question of statutory construction.  The overarching rule of statutory construction is that we construe a statute in accordance with the plain meaning of

---

[1]  An affidavit from TDCJ shows that it is indeed treating the sentences in that fashion.

[2]  893 S.W.2d 546 (Tex. Crim. App. 1995).

[3]  84 Tex. Crim. 208, 206 S.W. 345 (1918).

its text unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not possibly have intended.[4]  When a statute is unambiguous, the courts should not add to or subtract from it.[5]  And when a term has a technical meaning conferred by statute, courts should give effect to the statutory definition.[6]

## B. The Statutory Scheme

Article 42.08(a) provides for the discretionary stacking of a sentence onto an earlier sentence:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction.  Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly . . . .[7]

One limitation on the trial court's discretion is that a sentence imposing incarceration cannot be stacked onto a suspended sentence that imposes community supervision:

> If a defendant has been convicted in two or more cases and the court suspends the imposition of the sentence in one of the cases, the court may not order a sentence of confinement to commence on the completion of a suspended sentence for an offense.[8]

---

[4]  *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[5]  *Ex parte Gill*, 413 S.W.3d 425, 429 (Tex. Crim. App. 2013).

[6]  TEX. GOV'T CODE § 311.011(b) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."); *Rushing v. State*, 353 S.W.3d 863, 865 (Tex. Crim. App. 2011) (applying Government Code definition of "state"); *Howard v. State*, 333 S.W.3d 137, 140 (Tex. Crim. App. 2011) ("'Knowingly' is a term of art with a legislatively prescribed definition in the Penal Code.").

[7]  TEX. CODE CRIM. PROC. art. 42.08(a) (emphasis added).

[8]  *Id.* art. 42.08(c).

As can be seen above, the stacking statute refers to "judgments" and when those judgments "cease to operate." The term "judgment" is defined elsewhere in the Code of Criminal Procedure as "the written declaration of the court signed by the trial judge entered of record showing the conviction or acquittal of the defendant."[9] The judgment includes the sentence, or the suspension of a sentence, which "shall be based on the information contained in the judgment."[10] The Government Code defines what is meant by "cease to operate," as that term is used in Article 42.08:

> For the purposes of Article 42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate:
>
> > (1) when the actual calendar time served by the inmate equals the sentence imposed by the court; or
> >
> > (2) on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.[11]

Also relevant to our discussion is the statute that explains that a reversal in a non-capital case on the basis of punishment returns the parties to the point where a finding of guilt has been made but punishment has not yet been assessed:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of an offense under Section 19.03, Penal Code, only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under

---

[9] *Id.* art. 42.01, § 1.

[10] *Id. See also id.*, subsec. 9, 10.

[11] TEX. GOV'T CODE § 508.150(b).

Subsection (b), Section 2, Article 37.07, of this code.[12]

## C. Caselaw

In *Alsup*, we construed a predecessor to Article 42.08 that contained language similar to the current version of the statute.[13]  The defendant in that case contended that the trial court could not stack his second sentence onto his first sentence because the first sentence was on appeal and was, thus, not final.[14] We observed that the construction advocated by the defendant "would put it within the power of the accused to annul the effect of the [cumulation] statute by giving notice of appeal."[15] Declining to give the statute such a construction, we held that an appeal "does not thereby deprive the court of the power vested in it by the statute" to impose consecutive sentences.[16]

In *Nickerson*, we addressed the effect of an appellate reversal and remand for new trial on a stacking order under Article 42.08.[17]  We held that, unlike the situation in which a case was merely pending on appeal, the granting of a new trial restored the case to a position before the former

---

[12]  TEX. CODE CRIM. PROC. art. 44.29(b).

[13]  84 Tex. Crim. at 209, 206 S.W. at 345 (The predecessor statute provided: "When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate, and the judgment and execution thereof shall be accordingly.").

[14]  *Id.*

[15]  *Id.*

[16]  *Id.*, 206 S.W. at 346.

[17]  893 S.W.3d at 547-48.

trial—which meant that no conviction existed.[18] "Because no conviction remains when the judgment has been reversed and remanded for a new trial," we explained, "the sentence is no longer in effect; it has ceased to operate because it no longer exists."[19] Consequently, we held that, "in accord with the cumulation order, the sentence in the second or subsequent conviction should begin to operate when the reversal in the preceding conviction is final."[20]

### D. Discussion

The present case falls between the situations in *Alsup* and *Nickerson*. A remand for a new punishment hearing disturbs the case more than simply filing a notice of appeal but less than a remand for an entire new trial. Whether the present case is more like *Alsup* or more like *Nickerson* requires us to more closely examine the language of the statutes than we did in those cases.

We agree with the State that a remand for a new punishment hearing does not cause a judgment of conviction to "cease to operate," but that is because even a remand for a new trial on guilt has nothing to do with whether a judgment "ceases to operate." The term "cease to operate" is statutorily defined with respect to its use in Article 42.08. That term encompasses only the completion of a sentence or the action of a parole panel with respect to a sentence.[21] *Nickerson*'s use of the term "cease to operate" in conjunction with a reversal on appeal was misleading. "Cease to operate" describes a stage in the natural progression of the defendant's sentence; it does not describe the disturbing of such a sentence on appeal.

---

[18] *Id.* at 548.

[19] *Id.*

[20] *Id.*

[21] *See* this op., part II.B. (citing and quoting TEX. GOV'T CODE § 508.150(b)).

Nevertheless, *Nickerson* was correct in saying that, when the case is remanded for a new trial, the conviction and sentence no longer exist, and the absence of this sentence will cause a sentence that is stacked upon it to begin to run. Article 42.08 requires that the sentence from the "the second and subsequent convictions" be stacked on the sentence "in the preceding conviction."[22] If a new trial is granted in the first case, the judgment of conviction in that case no longer exists, and the case is no longer a "preceding conviction." Likewise, in that situation, the second case is no longer a "second or subsequent conviction" with respect to the first case.

This reasoning applies equally when an appellate court grants a new hearing on punishment. When a case is remanded for a new hearing on punishment, there is a finding of guilt but there is no judgment of conviction. Article 42.08 specifically focuses on the "judgment" when it refers to the stacking of one sentence upon another.[23] And a judgment is not merely a finding of guilt; it is an official action of the trial court committing the defendant to sanctions as a result of that finding.[24]

Focusing on the judgment is also consistent with our holding in *Pettigrew v. State*.[25] *Pettigrew* involved a defendant who was placed on probation for aggravated sexual assault and subsequently committed the new offense of murder.[26] The defendant was convicted and sentenced

---

[22] *See id.* (citing and quoting TEX. CODE CRIM. PROC. art. 42.08(a)).

[23] *See id.*

[24] *See id.* (citing and quoting TEX. CODE CRIM. PROC. art. 42.01, § 1). *See also* BLACK'S LAW DICTIONARY 755 (5th ed. 1979) ("judgment" entry: "The official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination.").

[25] 48 S.W.3d 769 (Tex. Crim. App. 2001).

[26] *Id.* at 770.

on the new offense, and, afterwards, his probation was revoked.[27] The trial court stacked the revocation sentence onto the sentence for the new offense.[28] The defendant contended that the stacking was improper because the revocation sentence was based on a conviction that preceded the conviction for the new offense.[29] We disagreed, holding that, for stacking purposes, a case could be treated as a conviction "at the time sentence is suspended *or* at the time sentence is imposed."[30] This holding is consistent with the idea that it is the judgment, not the finding of guilt, that determines whether a conviction is a prior or subsequent conviction for stacking purposes.

Moreover, allowing the first sentence to remain the first sentence in a stacking order even after a new punishment hearing has been granted could give rise to a contradictory result if the trial court decides on remand to suspend the imposition of sentence and place the defendant on community supervision. Article 42.08 makes clear that a sentence of incarceration cannot be stacked onto a period of community supervision.[31] The obvious import of the provision is to prevent the situation in which the defendant is placed on community supervision for several years, successfully completes the supervision, and then is hauled off to prison at the end of that period.[32] But if the first case retains its place in a stacking order of incarceration sentences even after the case has been

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.* at 771 (emphasis in original).

[31] *See* this op., part II.B. (citing and quoting TEX. CODE CRIM. PROC. art. 42.08(c)).

[32] The statute does, however, allow a period of community supervision to be stacked onto a sentence of incarceration or onto another period of community supervision. *See* TEX. CODE CRIM. PROC. art. 42.08(a).

remanded for a new punishment hearing, and the trial court on remand opts for community supervision, then the stacking order will suddenly become illegal.

Finally, the policy reason behind the holding in *Pettigrew*—that the legislature sought to give the trial court "the maximum flexibility possible in stacking sentences"[33]— supports a conclusion that a sentence that is reversed on appeal must disappear from its prior place in a stacking order. A remand for a new punishment hearing offers the opportunity to reassess, perhaps in light of whatever caused the case to be remanded, whether the sentences at issue should be stacked. If the trial court decides that the sentences should be stacked,[34] the proper course would be to stack the new sentence in the remanded case onto what is now a prior sentence in another case.[35] So, the trial court in the present case could have stacked the new life sentence for aggravated robbery onto the sixty-year sentence for possession of heroin, but it did not do so.

Because the remand for a new punishment hearing in the aggravated-robbery case caused the aggravated-robbery sentence to be removed from the stacking order and because the trial court did not choose to stack the new aggravated-robbery sentence onto the sentence in the heroin case, the sentences in the two cases are running concurrently. We grant relief.

Delivered: May 13, 2015
Publish

---

[33] 48 S.W.3d at 773.

[34] This assumes that the sentence is otherwise eligible to be stacked and the trial judge exercises the discretion to stack or is required to stack.

[35] *See Nickerson*, 893 S.W.2d at 548 ("Further, since no cumulation order was entered commanding that Applicant's subsequent sentence in cause number 18,727, imposed after retrial, begin to run after the sentence in cause number 518,028 had ceased to operate, the sentences in both causes must run concurrently.").