# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00839-CR

**The State of Texas, Appellant**

**v.**

**Michael Lance Wood, Appellee**

## FROM THE 27TH DISTRICT COURT OF BELL COUNTY
## NO. 78725, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## O P I N I O N

Following a traffic stop, Michael Lance Wood was charged with driving while intoxicated. *See* Tex. Penal Code § 49.04. The indictment alleged that Wood had previously been convicted of driving while intoxicated on three prior occasions. *See id.* § 49.09(b)(2). After his arrest, Wood filed a motion to suppress the evidence seized during the traffic stop. The district court conducted a hearing regarding the motion to suppress and later granted the motion. The State appeals the district court's order granting the motion to suppress. *See* Tex. Code Crim. Proc. art. 44.01(a)(5). We will reverse the district court's order and remand for further proceedings consistent with this opinion.

## BACKGROUND

As set out above, Wood was charged with driving while intoxicated and filed a motion to suppress evidence obtained during a traffic stop, and the district court held a hearing

regarding the motion. In his motion, Wood argued that Officer Matthew Hicks did not have reasonable suspicion to believe that an offense occurred before he initiated the traffic stop that ultimately resulted in Wood's arrest. During the suppression hearing, Officer Hicks was the only witness to testify.

Officer Hicks testified that he observed "a lit cigarette come out of the driver['s] window" of the vehicle that Wood was driving and then "fall to the street." Officer Hicks also related that the cigarette did not cause a fire when it hit the ground. Further, Officer Hicks testified that after seeing the cigarette land on the road, he initiated a traffic stop. In addition, Officer Hicks stated that he ultimately arrested Wood for driving while intoxicated after asking Wood to perform various field-sobriety tests. During Officer Hicks's testimony, a video recording from his dashboard camera was admitted into evidence and played for the district court. The video shows what appears to be a cigarette being tossed from Wood's car and landing on the road in front of Officer Hicks's patrol car.[1]

After the hearing, the district court issued an order granting Wood's motion to suppress and also issued the following findings of fact and conclusions of law:

**Findings of Fact**

. . .

3. While following the vehicle, [Officer Hicks] observed a lit cigarette come out of the driver's window and fall into the street in front of his patrol unit.

4. No fire was started by the cigarette.

5. [Officer Hicks] conducted a traffic stop for littering.

. . .

---

[1] On the recording, Wood admits to Officer Hicks during the traffic stop that he did toss a cigarette out of his window.

2

**Conclusions of Law**

11. The littering statute, Health & Safety Code Sec. 365.012 was amended . . . to add (a-1) which made disposing of lighted litter, including a cigarette[,] an offense only if a fire is ignited as a result of the conduct.

. . .

13. The arrest was warrantless and made without probable cause.[2]

The State appeals the district court's order granting Wood's motion to suppress.

## STANDARD OF REVIEW

Appellate courts review a trial court's ruling on a motion to suppress for an abuse of discretion. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). Under that standard, the record is "viewed in the light most favorable to the trial court's determination, and the judgment will be reversed only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement.'" *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). In general, appellate courts apply "a bifurcated standard, giving almost total deference to the historical facts found by the trial court and analyzing *de novo* the trial court's application of the law." *See State v. Cuong Phu Le*, 463 S.W.3d 872, 876 (Tex. Crim. App. 2015); *see also Arguellez*, 409 S.W.3d at 662 (explaining that appellate courts afford "almost complete deference . . . to [a trial court's] determination of historical facts, especially if those are based on an assessment of credibility and demeanor"). "The same deference is afforded the trial court with respect to its rulings on

---

[2] During his testimony, Officer Hicks also discussed other potential traffic violations that Wood may have committed before Officer Hicks activated his emergency lights, but the district court determined that Officer Hicks did not observe any of those offenses before initiating the stop. In light of our resolution of the State's appellate argument regarding section 365.012, we need not address the other traffic violations.

application of the law to questions of fact and to mixed questions of law and fact, if resolution of those questions depends on an evaluation of credibility and demeanor." *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). "However, for mixed questions of law and fact that do not fall within that category, a reviewing court may conduct a *de novo* review." *Id.*

"Routine traffic stops are analogous to investigative detentions." *Martinez v. State*, 236 S.W.3d 361, 369 (Tex. App.—Fort Worth 2007, pet. ref'd, untimely filed); *see also State v. Woodard*, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011) (describing types of interactions between citizens and law-enforcement personnel). Investigative detentions are less intrusive than arrests, *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011), and an officer may initiate a traffic stop if he has reasonable suspicion that a crime is about to be committed or has been committed, *see Guerra v. State*, 432 S.W.3d 905, 911 (Tex. Crim. App. 2014). For reasonable suspicion to exist, an actual violation does not need to have occurred; rather, it is only necessary that the officer "had a reasonable suspicion" that a violation occurred. *See Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015); *see Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) (noting that officer may briefly detain person for investigative purposes on less than probable cause where specific and articulable facts along with inferences from those facts reasonably warrant detention). "In assessing whether the intrusion was reasonable, an objective standard is utilized: would the facts available to the officer at the moment of the seizure or search warrant a man of reasonable caution in the belief that the action taken was appropriate." *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997); *see also Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001) (explaining that "[t]his standard is an objective one: there need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant"). Moreover, the assessment is made in light of the

4

totality of the circumstances. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). Provided that the traffic stop is based on reasonable suspicion, the detention "does not violate Texas law." *Guerra*, 432 S.W.3d at 911. Appellate courts "review *de novo* whether the totality of circumstances is sufficient to support an officer's reasonable suspicion of criminal activity." *Crain*, 315 S.W.3d at 48-49.

## DISCUSSION

On appeal, the State asserts that the district court abused its discretion when it granted Wood's motion to suppress. In particular, the State contends that Officer Hicks had reasonable suspicion to believe that Wood committed the offense of littering as set out in subsection 365.012(a) of the Health and Safety Code when Officer Hicks saw a lit cigarette being tossed from the window of Wood's vehicle and landing on the roadway. *See* Tex. Health & Safety Code § 365.012(a). That subsection provides in relevant part as follows:

> A person commits an offense if the person disposes or allows or permits the disposal of litter or other solid waste at a place that is not an approved solid waste site, including a place on or within 300 feet of a public highway, on a right-of-way, on other public or private property, or into inland or coastal water of the state.

*Id.* Moreover, section 365.011 of the Health and Safety Code defines the term "'[p]ublic highway,'" in part, as meaning "the entire width between property lines of a road, street, way, thoroughfare, bridge, public beach, or park in this state, not privately owned or controlled, if any part of the road, street, way, thoroughfare, bridge, public beach, or park . . . is opened to the public for vehicular traffic . . . ." *Id.* § 365.011(8).

As set out earlier, the district court determined that it is not an offense under section 365.012 of the Health and Safety Code to discard a lit cigarette on a roadway because an

5

amendment to section 365.012—subsection 365.012(a-1)—provides that it is only an offense to dispose of a lit cigarette if disposing of the cigarette causes a fire. That provision reads as follows:

> A person commits an offense if . . . (1) the person discards lighted litter, including a match, cigarette, or cigar, onto open-space land, a private road or the right-of-way of a private road, a public highway or other public road or the right-of-way of a public highway or other public road, or a railroad right-of-way; and (2) a fire is ignited as a result of the conduct described by Subdivision (1).

*Id.* § 365.012(a-1); *see also* Act of May 23, 2011, 82d Leg., R.S., ch. 430, § 2, sec. 365.012(a-1), 2011 Tex. Gen. Laws 1101, 1101 (enacting subsection 365.012(a-1)).

When arguing that the district court correctly construed section 365.012 and that the district court's order should be upheld, Wood concedes on appeal that "[t]here is no question a lighted cigarette was observed coming out of [his] window and fall[ing] to the street in front of" Officer Hicks's patrol car and agrees that subsection 365.012(a) generally prohibits an individual from disposing of litter on a roadway. However, Wood notes that subsection 365.012(a-1) was enacted more recently than subsection 365.012(a) and contends that subsection 365.012(a-1) is more specific and "controls over the general" language found in subsection 365.012(a), that subsection 365.012(a-1) covers the act of discarding a lit cigarette on a road, and accordingly, that it is no longer an offense under subsection 365.012(a) to toss a lit cigarette onto a roadway. *See Sims v. State*, 506 S.W.3d 634, 642 (Tex. Crim. App. 2019) (explaining that "[t]he 'general versus the specific' canon of statutory construction stands for the proposition that '[i]f there is a conflict between a general provision and a specific provision, the specific provision prevails . . .' as an exception to the general provision" (quoting Antonin Scalia & Bryan Garner, Reading Law at 183 (2012))). Building on that premise, Wood also argues that

6

subsection 365.012(a-1) clarifies that it is only an offense to discard a lit cigarette on a road when the discarded cigarette starts a fire. Further, Wood asserts that the requirements of subsection 365.012(a-1) were not met in this case because the undisputed testimony from Officer Hicks established that no fire was ignited when the cigarette landed on the ground. For all of these reasons, Wood urges that the district court did not abuse its discretion when it determined that Officer Hicks did not have reasonable suspicion to believe that an offense had occurred under section 365.012 of the Health and Safety Code before he initiated the traffic stop.

As an initial matter, we note that for reasonable suspicion to have existed, it was not necessary for an offense to have actually occurred; on the contrary, it was only necessary for Officer Hicks to have reasonably believed that an offense occurred. *See Jaganathan*, 479 S.W.3d at 247; *see also Joubert v. State*, 129 S.W.3d 686, 689 (Tex. App.—Waco 2004, no pet.) (determining that reasonable suspicion to support traffic stop was present when police officer testified that he observed defendant leaving driveway and entering roadway without stopping and that reasonable suspicion existed even if police officer was mistaken about whether offense actually occurred). Although Wood contends that section 365.012 no longer criminalizes the tossing of a lit cigarette unless the action results in a fire being produced, section 365.012 unquestionably criminalizes the "disposal of litter or other solid waste" on a roadway used by the public for travel. *See* Tex. Health & Safety Code §§ 365.011(8), .012(a). As set out above, the district court made a finding of fact that Officer Hicks observed Wood discard a lit cigarette from his car window and saw the cigarette land on the road on which Wood and Officer Hicks were driving.

Based on his observation of an object being discarded, Officer Hicks had reasonable suspicion to believe that an offense had occurred even if, as suggested by Wood,

7

Officer Hicks was ultimately wrong about whether the discarded item in this case fell within the purview of section 365.012. *See McAnally v. State*, No. 02-08-00342-CR, 2009 WL 3956749, at *3 (Tex. App.—Fort Worth Nov. 19, 2009, pet. ref'd) (mem. op., not designated for publication) (determining that officer had reasonable suspicion to believe that defendant had committed offense of littering even if police officer was unsure of whether item or items he saw discarded were ashes, which are specifically excluded from definition of litter, or cigarette because State was not required to prove that defendant "actually had committed the offense of littering"); *see also Derichsweiler*, 348 S.W.3d at 916 (explaining that "it is not a *sine qua non* of reasonable suspicion that a detaining officer be able to pinpoint a particular penal infraction").

Even assuming that Wood is correct that the resolution of the issue on appeal turns on the interplay between various provisions of the Health and Safety Code, we respectfully disagree with the district court's construction of those statutes. Statutory construction is a question of law that appellate courts review de novo. *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011). "The overarching rule of statutory construction is that we construe a statute in accordance with the plain meaning of its text unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not possibly have intended." *Ex parte Vela*, 460 S.W.3d 610, 612 (Tex. Crim. App. 2015). "In ascertaining the plain meaning of a word, we read words and phrases in context and construe them according to the rules of grammar and usage." *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008); *see* Tex. Gov't Code § 311.011 (addressing common and technical usage of words in construing statutes). Appellate courts also interpret statutes "together and harmonized, if possible," to give effect to all of the statutory provisions. *See Ex parte Gill*, 413 S.W.3d 425, 430 (Tex. Crim. App. 2013). Appellate courts "presume that every word has been used for a purpose and that each word, phrase, clause,

8

and sentence should be given effect if reasonably possible." *O'Brien v. State*, 544 S.W.3d 376, 384 (Tex. Crim. App. 2018). "If the plain language is clear and unambiguous," the "analysis ends because 'the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.'" *Id.* (quoting *Nguyen v. State*, 359 S.W.3d 636, 642 (Tex. Crim. App. 2012)).

As discussed earlier, the offense of littering is set out in subsection 365.012(a) of the Health and Safety Code, which prohibits an individual from disposing of litter in locations that are not designated for that purpose and specifically prohibits littering on a "public highway" as that term is broadly defined by the Code. *See* Tex. Health & Safety Code §§ 365.011(8), .012(a). Moreover, section 365.011 defines "'[l]itter'" as including "nondecayable solid waste, except ashes, that consists of . . . combustible waste material, including paper, rags, cartons, wood, excelsior, furniture, rubber, plastics, yard trimmings, leaves, or similar materials." *Id.* § 365.011(6)(B)(i). Consistent with the definition of litter, a cigarette is defined as "a slender roll of cut tobacco enclosed in *paper* and meant to be smoked." *See* Merriam-Webster Collegiate Dictionary 206 (10th ed. 2000) (emphasis added). At least one of our sister courts of appeals has indicated that a lit cigarette fell within the definition of "litter" prior to the enactment of subsection 365.012(a-1), *see McAnally*, 2009 WL 3956749, at *3.

Moreover, when the legislature enacted subsection 365.012(a-1), it also added other subsections to section 365.012. *See* Act of May 23, 2011, 82d Leg., R.S., ch. 430, § 2, sec. 365.012(d-1), (p)-(r), 2011 Tex. Gen. Laws 1101, 1101. One of those new subsections is subsection 365.012(r), which specifies that conduct constituting "an offense under Subsection (a-1)" might also qualify as "an offense under Subsection (a)" and then instructs that in those circumstances, the individuals should be "prosecuted . . . under Subsection (a-1)." Tex. Health

9

& Safety Code § 365.012(r). Accordingly, the plain language of the entirety of section 365.012 demonstrates that the legislature recognized that the conduct listed in subsection 365.012(a-1)—discarding "lighted litter, including a match, cigarette, or cigar"—can also qualify as prohibited conduct under subsection 365.012(a). *See id.* Further, the plain language of the statute reveals that the types of conduct listed in subsection 365.012(a-1) are only punishable under that provision if discarding the lit items results in a fire being produced. *See id.* § 365.012(a-1). In other words, the language of the statute indicates that if an item listed in subsection 365.012(a-1) is improperly discarded but does not result in a fire being ignited, the act may still be punished under subsection 365.012(a).

That construction is further supported by the enactment of another subsection to section 365.012. Specifically, subsection 365.012(d-1) sets out the minimum punishment for an offense under subsection 365.012(a-1). *See id.* § 365.012(d-1). Unlike the minimum punishment authorized for an offense under subsection 365.012(a), which only involves the imposition of "a fine not to exceed $500," *see id.* § 365.012(d) (providing that offense under subsection 365.012(a) is class C misdemeanor if amount of litter involved weighed less or had less volume than amount listed in statute); Tex. Penal Code § 12.23 (setting out punishment for "[a]n individual adjudged guilty of a Class C misdemeanor"), the punishment options for an offense under subsection 365.012(a-1) include "a fine not to exceed $500," "confinement in jail for a term not to exceed 30 days," or "both such fine and confinement," Tex. Health & Safety Code § 365.012(d-1). The different levels of punishment indicate that the legislature was attempting to address the additional risk imposed by littering when the litter has been set on fire and is, therefore, consistent with our construction of section 365.012 as allowing the conduct described in subsection 365.012(a-1) to be punished under subsection 365.012(a) when the discarded items

10

do not cause a fire. *See id.* § 365.012(a-1), (d-1); *see also* Senate Comm. on Transp. & Homeland Sec., Bill Analysis, S.B. 1043, 82d Leg., R.S. (2011) (explaining that subsection 365.012(a-1) was enacted in response to "danger to communities and infrastructure" stemming from wildfires caused "[w]hen a burning cigarette or match is discarded out of a car window"). Additionally, construing the statute in the manner suggested by Wood would lead to the absurd result that tossing a lit cigarette from a car window onto a roadway that does not result in a fire being produced is not an offense of any kind even though tossing an unlit cigarette from a window is an offense.

Bearing in mind the plain language of section 365.012 and after reading all of the subsections present in section 365.012 together, we must conclude that the district court erred when it concluded that disposing of a lit cigarette on a public highway does not constitute an offense under subsection 365.012(a). *See* Tex. Health & Safety Code § 365.012(a).

In its findings of fact, the district court found that Officer Hicks observed Wood toss a lit cigarette onto a road open to the public for vehicular traffic. That finding is supported by the testimony from Officer Hicks and by the video recording from his dashboard camera, and accordingly, we defer to that finding. In light of this finding and our construction of section 365.012 outlined above, we must conclude that Officer Hicks had reasonable suspicion to believe that Wood committed the offense of littering as set out in subsection 365.012(a) before initiating the traffic stop. *See McAnally*, 2009 WL 3956749, at *3 (determining that police officer had reasonable suspicion to believe that defendant committed offense of littering where officer testified that he saw defendant "'appear to flick a lit cigarette' out of the driver's side window").

For all of these reasons, we must conclude that the district court abused its discretion by granting Wood's motion to suppress and sustain the State's issue on appeal.

11

**CONCLUSION**

Having sustained the State's issue on appeal, we reverse the district court's order granting Wood's motion to suppress and remand the case for further proceedings.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Reversed and Remanded

Filed:   May 23, 2019

Publish

12