

# NUMBERS 13-21-00086-CR & 13-21-00087-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**BRITTNY SHAY CARAWAY A/K/A
BRITNY CARAWAY,**                                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

### On appeal from the 24th District Court
### of DeWitt County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Hinojosa, Tijerina, and Silva
### Memorandum Opinion by Justice Silva

In a consolidated hearing, the trial court adjudicated appellant Brittny Shay Caraway a/k/a Britny Caraway's guilt and revoked her community supervision for two third-degree offenses of possession of a controlled substance (POCS) and sentenced her

to ten years' imprisonment on each offense.[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c), 481.134(d). The trial court ordered the sentences to run consecutively. By one issue, Caraway argues the trial court abused its discretion in doing so. We affirm.

## I.     BACKGROUND

On April 15, 2015, Caraway was indicted in trial court cause number 15-04-12,222 for the offense of POCS in penalty group one, namely, methamphetamine in the amount of less than one gram in a drug-free zone, a state jail felony enhanced to a third-degree felony. *See id.* § 481.134(d). Caraway pleaded guilty pursuant to a plea bargain agreement on August 13, 2015. As part of the agreement, the State dismissed a POCS charge stemming from an unrelated May 2015 arrest. The trial court deferred adjudication of guilt and placed Caraway on community supervision for a period of four years.

On February 9, 2016, Caraway was subsequently arrested for POCS in penalty group one, namely, methamphetamine in the amount greater than one gram but less than four grams, a third-degree felony. *See id.* § 481.115(c). Caraway was indicted in trial court cause number 16-07-12,474, and the State filed a motion to adjudicate guilt in trial court cause number 15-04-12,222, alleging Caraway's February 9, 2016 arrest was a violation of her existing community supervision conditions.

---

[1] This appeal concerns two cases: trial court cause number 15-04-12,222, which was appealed to this Court in appellate cause number 13-21-00086-CR; and trial court cause number 16-07-12,474, which was appealed to this Court in appellate cause number 13-21-00087-CR. The State's motions to adjudicate, filed in each case, were heard by the trial court in one proceeding, allowing us to consider each appeal in this consolidated memorandum opinion. *See State v. Rendon*, 476 S.W.3d 77, 79 (Tex. App.—Corpus Christi–Edinburg 2014), *aff'd*, 477 S.W.3d 805 (Tex. Crim. App. 2015); *see also Leal v. State*, No. 13-20-00162-CR, 2020 WL 5056527, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg Aug. 27, 2020, no pet.) (mem. op., not designated for publication). Additionally, we amend the style of this consolidated memorandum opinion to reflect the alternative spellings of Caraway's first name in the two judgments on appeal.

On September 20, 2016, Caraway and the State entered into a plea bargain agreement, wherein Caraway pleaded guilty in trial court cause number 16-07-12,474 in exchange for four years' deferred adjudication community supervision. On the same day, the trial court signed the State's motion to dismiss its pending adjudication motion in trial court cause number 15-04-12,222 and modified Caraway's community supervision conditions, ordering her to attend outpatient treatment. Caraway's conditions were modified once more in January 2017 in both cause numbers, and Caraway was ordered to attend treatment at an inpatient Substance Abuse Felony Punishment Facility (SAFPF).

Caraway was unsuccessfully discharged from SAFPF in 2017. In lieu of the State pursuing its motions to adjudicate, Caraway agreed to the trial court's imposition of jail sanctions, and Caraway was ordered to attend a SAFPF relapse treatment program. In 2018, Caraway was unsuccessfully discharged from SAFPF and ordered to repeat the SAFPF relapse treatment program. In 2019, the trial court extended Caraway's community supervision term for two years in each case. Caraway was unsuccessfully discharged from SAFPF again in 2020 following an arrest for POCS.

In April 2020, the State moved to adjudicate guilt in both cases, alleging, in relevant part, that Caraway committed the offense of POCS on or about April 13, 2020; tested positive for methamphetamine on various dates; and had been unsuccessfully discharged from SAFPF in 2017, 2018, and 2020. The trial court held a hearing on March 17, 2021, wherein Caraway's defense counsel informed the trial court that she wished to have both cases heard "together." After the trial court accepted Caraway's mixed pleas of true and not true, the State called several witnesses, including the community supervision unit

3

supervisor, a counselor from the outpatient facility Caraway attended, and the arresting officer from Caraway's April 13, 2020 arrest. Caraway also testified, as did her sister, stepmother, and father.

During closing argument, the State requested that the trial court "adjudicate both cause numbers to find her guilty in each case and to sentence her to 10 years['] confinement in each case and to stack those two sentences." Caraway asked for her community supervision to be reinstated, and alternatively, she requested that the trial court order "a minimum sentence, not to be stacked in each case." Caraway objected to the State's request for the imposition of a consecutive sentence, arguing that she did not believe that the "Code permits stacking when we have one consolidated hearing." The trial court found all the allegations true in the State's motions to adjudicate, sentenced Caraway to ten years' imprisonment in each cause, and stated: "It's the order of the Court that these sentences are to run consecutive and the language that needs to be in the orders is that [']Cause No. 12-474 does not begin until 12,222,['] the actual language [sic] [']ceases to operate.[']"

Caraway objected to the trial court's cumulation of her sentence in a motion for new trial, which was overruled by operation of law. This appeal followed.

## II.     CONSECUTIVE SENTENCING

By a single issue in each appeal, Caraway argues the trial court abused its discretion by ordering her sentences to run consecutively because she was not convicted of an offense for which Texas Penal Code § 3.03 authorizes consecutive sentencing. *See* TEX. PENAL CODE ANN. § 3.03. The State counters that Caraway "specifically waived the

right to have the cases heard separately, wanting them tried together in the adjudication hearing"—thereby "subject[ing] [Caraway] to consecutive sentences." Alternatively, the State observes that although the trial court orally imposed a consecutive sentence, neither of the two judgments on appeal "reflect that the cases are to run consecutive"; thus, "the trial court should be in all things affirmed."

## A.    Standard of Review and Applicable Law

We review a trial court's decision to cumulate sentences for an abuse of discretion. *See Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016); *Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). "That discretion to cumulate or not is largely—but not entirely—unfettered." *Ex parte Carter*, 521 S.W.3d 344, 351–52 (Tex. Crim. App. 2017) (Yeary, J., concurring) (explaining the common law and statutory history behind consecutive and concurrent sentencing). A reviewing court will generally only find an abuse of discretion if "(1) the trial court imposes consecutive sentences when the law requires concurrent sentences, (2) the trial court imposes concurrent sentences when the law requires consecutive ones, or (3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing." *Ex parte Scott*, 541 S.W.3d 104, 118 n.16 (Tex. Crim. App. 2017) (quoting *Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006)). We review de novo whether cumulative sentencing is statutorily permissible in a given case. *Ex parte Vela*, 460 S.W.3d 610, 612 (Tex. Crim. App. 2015); *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). "The overarching rule of statutory construction is that we construe a statute in accordance with the plain meaning of its text unless the text is ambiguous or

the plain meaning leads to absurd results that the legislature could not possibly have intended." *Ex parte Vela*, 460 S.W.3d at 612; *see* TEX. GOV'T CODE ANN. § 311.011(a).

Article 42.08 of the code of criminal procedure generally affords a trial court the discretion to cumulate the sentences for two or more convictions. TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *see Cisneros v. State*, 622 S.W.3d 511, 522 (Tex. App.—Corpus Christi–Edinburg 2021, no pet.). However, § 3.03(a) of the penal code provides that "sentences *shall* run concurrently '[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action'"— absent the applicability of exceptions specified in § 3.03(b). *Middleton v. State*, 634 S.W.3d 46, 49 (Tex. Crim. App. 2021) (emphasis added) (quoting TEX. PENAL CODE ANN. § 3.03(a)); *see also Miles v. State*, 506 S.W.3d 485, 486 (Tex. Crim. App. 2016) (observing that § 3.03(b) "sets out exceptions to the general rule—circumstances in which sentences may be cumulated: the sentences may run concurrently or consecutively if each sentence is for a conviction for the specified offenses that are listed in the several subsections").

Under § 3.03(a), "offenses committed during 'the same criminal episode' include offenses that 'are the repeated commission of the same or similar offenses.'" *Middleton*, 634 S.W.3d at 49 (concluding that appellant's multiple theft offenses, occurring on different dates and indicted separately, constituted the "same criminal episode" for sentencing purposes (quoting TEX. PENAL CODE ANN. § 3.01(2))); *see Waddell*, 456 S.W.3d at 369 (concluding § 3.01, which defines "criminal episode," "does not require that all the offenses arising out of the same criminal episode occur within any particular time

6

frame" (quoting *Casey v. State*, 349 S.W.3d 825, 831 (Tex. App.—El Paso 2011, pet. ref'd))). The phrase "a single criminal action" in § 3.03(a) "refers to a single trial or plea proceeding." *Middleton*, 634 S.W.3d at 50. Multiple indictments can be considered to have been "prosecuted in a single criminal action" when disposed of in a consolidated punishment hearing. *Id.* at 50–52 (concluding that § 3.03(a) extends to multiple deferred-adjudication cases heard jointly in a single punishment proceeding); *see also Ex parte Carter*, 521 S.W.3d at 352 (observing that a defendant may be incentivized to agree to consolidation of a punishment proceeding because "he could insist upon the imposition of concurrent rather than consecutive sentences, thus taking the normative decision away from the trial judge").

Pertinent here, the Texas Health and Safety Code § 481.132 concerns multiple prosecutions of offenses under Chapter 481.[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132. Section 481.132 contains substantially similar language as § 3.03 of the penal code and provides that "[i]f the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently." *Id.* § 481.132(d); *see Newman v. State*, 268 S.W.3d 266, 268 (Tex. App.—Amarillo 2008, pet. ref'd) (observing that the "verbiage is quite similar" between the two statutes). "Criminal episode" is defined under § 481.132 as "the commission of two or more offenses under this chapter" provided that "the offenses are

---

[2] Although this consolidated appeal involves offenses under Chapter 481 of the Texas Health and Safety Code, neither party briefed the applicability of § 481.132. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132.

7

the repeated commission of the same or similar offenses." TEX. HEALTH & SAFETY CODE ANN. § 481.132(a)(2); *see Williams*, 253 S.W.3d at 677.

An exception to § 481.132's concurrent sentencing requirement exists for drug-free zone convictions under § 481.134: "Punishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under *any other criminal statute*." TEX. HEALTH & SAFETY CODE ANN. § 481.134(h) (emphasis added). In other words, where a defendant is convicted of multiple offenses under Chapter 481, his convictions will "not implicate the mandatory-cumulation provision so as to require cumulation of his sentence with his prior drug-free-zone sentence." *Moore v. State*, 371 S.W.3d 221, 227–28 (Tex. Crim. App. 2012) (citing TEX. HEALTH & SAFETY CODE ANN §§ 481.115, 481.134)); *see, e.g., Williams*, 253 S.W.3d at 678 ("[B]ecause Appellant was not convicted of a criminal offense not listed within § 481.134, the consecutive sentencing provision of § 481.134(h) does not apply[; t]herefore, § 481.132(d) determines whether the sentences are to run concurrently."). When applicable, § 481.134(h) controls over § 3.03(a). *See Williams*, 253 S.W.3d at 678 (citing TEX. GOV'T CODE ANN. § 311.026); *see also Williams v. State*, No. 01-11-00017-CR, 2012 WL 2357416, at *13 (Tex. App.—Houston [1st Dist.] June 21, 2012, pet. ref'd) (mem. op., not designated for publication).

## B. Analysis

The State is correct in that neither of the judgments on appeal reflect the trial court's oral imposition of a consecutive sentence. However, when there is a variance between the oral pronouncement and the written judgment, "the oral pronouncement

controls." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014); *see also Ette v. State*, 559 S.W.3d 511, 517 (Tex. Crim. App. 2018). Thus, we must determine whether the trial court abused its discretion in its oral imposition of consecutive sentences, and we begin with our analysis of the applicability of the sentencing provisions in the penal code and health and safety code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132; TEX. PENAL CODE ANN. § 3.03; *see also Walker v. State*, No. 13-11-418-CR, 2011 WL 5005669, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 20, 2011, no pet.) (mem. op., not designated for publication) (conducting an analysis of whether the trial court abused its discretion in ordering sentences to run consecutively where the written judgments did not reflect the court's oral pronouncements).

Caraway was convicted of two POCS offenses. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c), 481.134. Although the POCS offenses occurred on separate dates and were indicted separately, the unambiguous language of both provisions dictates that the repeated commission of the same offenses constitutes the same criminal episode. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132(a), (d); TEX. PENAL CODE ANN. § 3.03(a); *see also Middleton*, 634 S.W.3d at 49; *Williams*, 253 S.W.3d at 678; *see, e.g.*, *Walker*, 2011 WL 5005669, at *1 (concluding two sentences under Chapter 481, though indicted separately, "grew out of the same criminal episode"). Neither party disputes that Caraway requested that the cases be "tried together in the adjudication hearing," and the trial court obliged. Therefore, the offenses arising out of the same criminal episode were also "prosecuted in a single criminal action." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132(d); TEX. PENAL CODE ANN. § 3.03(a); *see also Middleton*, 634 S.W.3d at 49.

9

Moreover, § 3.03(b) enumerates the offenses that may be ordered to run consecutively, and POCS is not expressly included in that list. *See* TEX. PENAL CODE ANN. § 3.03(b). And although Caraway was convicted of an offense under § 481.134(h), Caraway's second offense is also contained within Chapter 481, rendering the cumulative provision of § 481.134 inapplicable. *See Williams*, 253 S.W.3d at 678.

Accordingly, §§ 3.03(a) and 481.132(d) controlled and mandated an imposition of concurrent sentences. *See Miles*, 506 S.W.3d at 488 (concluding that "the unambiguous language of [§] 3.03 dictates that" sentences arising out of the same criminal episode and prosecuted in a single criminal action "may not be stacked and 'shall run concurrently'"); *see also Thomas v. State*, No. 05-12-00392-CR, 2013 WL 1277885, at *2 (Tex. App.— Dallas Mar. 1, 2013, no pet.) (mem. op., not designated for publication) (concluding the trial court abused its discretion in assessing cumulative sentences where appellant was indicted separately and convicted of multiple offenses under Chapter 481); *Walker*, 2011 WL 5005669, at *1 (same). We conclude that the trial court abused its discretion in ordering the sentences to run cumulatively. *See Byrd*, 499 S.W.3d at 446.

Because the written judgments here do not reflect that the sentences are to run cumulatively, we need not modify the judgment. *See Moore*, 371 S.W.3d at 229 ("In the absence of that [cumulative] order, the sentences will necessarily run concurrently."); *see also Walker*, 2011 WL 5005669, at *3 (concluding "the trial court erred in its oral pronouncement that appellant's sentences should be served consecutively" but finding reformation of the judgment unnecessary where the written judgment already indicated that the sentences were to run concurrently).

We sustain appellant's sole issue in each appeal.

### III.    CONCLUSION

We affirm the trial court's judgments.

CLARISSA SILVA<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
3rd day of March, 2022.